**Purification RODRIGUEZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15551.**

United States Court of Appeals
Fifth Circuit.

Dec. 21, 1955.

selling or facilitating the transportation or concealment of heroin which had been imported into the United States contrary to law. The principal issue presented is whether there was evidence upon which the verdict of guilty might be based.

Through a special employee, Gerald Hudson, engaged by a federal narcotics agent, three purchases of heroin were made. However, appellant was found guilty upon but two of these purchases, and they only are involved here. There is evidence that Hudson arranged for the first purchase through the appellant and appellant admits that she was present at the time both transfers were made. Furthermore, Hudson testified that appellant received the money on the occasion of the first transfer, and both Hudson and the narcotics agent, who was hidden in the back of Hudson's car, heard the appellant state, at the time of the second transfer, that she might make further sales of another type of the same drug to Hudson. Lopez, the person who actually passed the heroin to Hudson on both occasions in question, was indicted along with appellant, and pleaded guilty. We deem this evidence sufficient to connect the appellant with the purchases involved and to sustain her conviction.

The appellant also argues that the District Court erred in failing to grant her motion to dismiss and request for an instruction based on entrapment.

"The gist of the defense of entrapment is the conception of the crime by the government's agent for the purpose of prosecuting the defendant, the latter not having any previous intention to commit it." Hamilton v. United States, 5 Cir., 1955, 221 F.2d 611, 614. The accused must have been an innocent person whom the Government seeks to punish for an offense "which is the product of the creative activity of its own officials." Sorrells v. United States, 1932, 287 U.S. 435, 451, 53 S.Ct. 210, 216, 77 L.Ed. 413. Our statement in Demos v. United States, 5 Cir., 1953, 205 F.2d 596, at page 599, (a case involving somewhat analogous facts) throws light upon this subject:

Robert A. Scardino, Scardino & Regnier, Houston, Tex., for appellant.

Malcolm R. Wilkey, U. S. Atty., Carlos G. Watson, Jr., Asst. U. S. Atty., Houston, Tex., for appellee.

Before TUTTLE, CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

This appeal is from a conviction on two of three counts of an indictment charging the appellant with violating Section 174 of Title 21 U.S.C.A. by concealing or

"For the offense to originate in the mind of the defendant, it was not necessary that the defendant be the instigator of the particular sale or act, but only that she have the general intention to commit such an offense whenever the opportunity offered."

It is not important, therefore, that the Government sets the stage and provides the aid, incentive and opportunity for the commission of the crime, for the defense of entrapment fails unless it appears that the defendant has done that which she would never have done had it not been for the urgings and encouragements of the Government's agent.[1]

 The record here fails to sustain the defense of entrapment. There was no evidence that the Government's special employee did more than solicit one purchase from the appellant, and even this was denied by appellant. The mere fact that Hudson was instructed by the federal narcotics agent to make an effort to purchase narcotics from appellant and was given funds for this purpose does not establish an entrapment where there was nothing to indicate that appellant was persuaded to do an illegal act foreign to any existing intention on her part.

Moreover, in refusing to charge the jury on entrapment, the Court stated that the defense was not available where, as in this case, the defendant denies the very acts upon which the prosecution and the defense are necessarily predicated. It is true that this defense may be raised even though the defendant pleads not guilty, but it "assumes that the act charged was committed",[2] and where the defendant insists, as she did here, that she did not commit the acts charged, one of the bases of the defense is absent. On this ground and for the other reasons mentioned, the District Court was not in error in refusing the appellant's motion or requested charge on entrapment.

We find no merit in the other errors urged by the appellant and the judgment is therefore

Affirmed.

---

1. See also 15 Am.Jur., Criminal Law, Sec. 335, p. 24.

2. Hamilton v. United States, supra, 221 F. 2d at page 614.