HERBERT LEE BROWN *v.* STATE OF ARKANSAS

5492                                    453 S. W. 2d 50

Opinion delivered April 20, 1970
[Rehearing denied May 25, 1970.]

*Franklin Wilder,* for appellant.

*Joe Purcell,* Attorney General; *Mike Wilson* and *Milton Lueken,* Asst. Attys. Gen., for appellee.

LYLE BROWN, Justice. Herbert Lee Brown appeals from a conviction on a charge of illegal possession of narcotics. He alleges six errors for reversal, related to the issues of entrapment, the form of the verdict, the admissibility of evidence, the submission of the issue of accessory, and the alleged systematic exclusion of Negroes from the jury panel.

Ft. Smith law enforcement officers had reason to believe that one Angus Triplett, a Negro, was engaged in the illegal narcotics traffic. In an effort to get evidence on Triplett the officials utilized the help of a white girl, sixteen years of age, who undoubtedly had some knowledge of Triplett's activities. The young girl and her older sister, along with a detective sergeant, stationed themselves in a motel room in Ft. Smith. The young girl called Triplett and asked for a substantial quantity of marijuana. Triplett agreed to deliver it to the motel. After an hour or more elapsed the girl again called and was advised that Triplett's car would not start; and that he had called a friend, Herbert Lee Brown, who had agreed to pick him up. About an hour later the two men arrived in appellant's car and entered the motel room at the same time. The detective sergeant had concealed himself in the bathroom but in a position where he could see the girls and the men.

According to the State's testimony, appellant took from his pocket a matchbox containing marijuana; he threw it on the bed with the remark that they had brought a sample, and that they needed to get the money so they could obtain the balance and deliver it that night. Thereupon the detective entered the room, arrested the two men, and retrieved the matchbox. Appellant testified that Triplett called and asked appel-

lant to drive him to the motel where two white girls were waiting to have a date with them. Appellant insisted that it was Triplett who had the matchbox and threw it on the bed. Triplett did not testify. Our summary of the testimony will suffice for an understanding of most of the points for reversal. Other facts related to particular points will be hereafter recited.

Point I. *The trial court erred in holding at the outset of the trial that entrapment was not an issue.* In the course of his opening statement the prosecuting attorney alluded to the reasons for the set-up made at the tourist court. The trial judge interrupted and called the attorneys to the bench where he advised them: "I understand the facts of this case and I'm ruling that there is no entrapment." Attorney Wilder, appellant's counsel, advised the court of his position that entrapment "is an issue in a case like this." The court disagreed and exceptions were saved.

We presume the factual contentions of the State and defendants were revealed to the court at conferences preliminary to the trial. The record discloses that the trial judge discussed the cases against both Triplett and Brown with their respective attorneys well in advance of the trial. Information revealed in such pretrial conferences is helpful to the court in enabling the judge to anticipate any unusual legal problems which might arise at trial. At any rate the logical conclusion is that the trial judge concluded from the facts so deduced that the defense of entrapment did not as a matter of law have any place in the case. Therefore, it was thought best to make the ruling at the outset of the trial.

Sound appellate review dictates that such an advance ruling in a criminal trial should ordinarily be accompanied by a record of the proceedings (or stipulation) upon which the trial judge bases his holding. The reasons are so apparent as to obviate discussion. Fortunately it so happens in this particular case that the trial judge's advance ruling was supported by the

evidence. It must be remembered that entrapment is an affirmative defense. No substantial evidence was offered to establish that Triplett was deceitfully persuaded to do anything more than he was already willing to do. See *Peters* v. *State,* 248 Ark. 134, 450 S. W. 2d 276. Secondly, it is undisputed that appellant was never contacted by an officer or anyone in the State's behalf. Appellant's sole contact was with Triplett. Finally, appellant's defense, to which he testified, is inconsistent with the defense of entrapment. Appellant denied having any connection with, or knowledge of, the marijuana. In that situation he was not entitled to the defense of entrapment. The question was raised in *Rodriguez* v. *United States,* 227 F. 2d 912 (1955), and the court said:

> Moreover, in refusing to charge the jury on entrapment, the court stated that the defense was not available where, as in this case, the defendant denies the very acts upon which the prosecution and the defense are necessarily predicated. It is true that this defense may be raised even though the defendant pleads not guilty, but it 'assumes that the act charged was committed,' and where the defendant insists, as she did here, that she did not commit the acts charged, one of the bases of the defense is absent. On this ground and for the other reasons mentioned, the district court was not in error in refusing the appellant's motion or requested charge on entrapment.

The rule stated in *Rodriguez* is decidedly the majority rule. 61 A. L. R. 2d, p. 677; 21 Am. Jur. 2d § 144, p. 214.

Point II. *The verdict is against the law.* The first argument under this point is that the court erred in requiring the jury to assess a fine in addition to a penitentiary sentence. Initially the jury returned a verdict of guilty and fixed punishment at two years. The jury was instructed to return to deliberations and amend the verdict by also imposing a fine. There-

upon the jury added a fine of One Dollar. Appellant contends that the statute does not require a fine, that its assessment taints the verdict and requires that it be set aside. That part of the penalty statute (Ark. Stat. Ann. § 82-1020 [Supp. 1969]) applicable to this case provides that the violator shall be "fined not more than $2,000, and be imprisoned in the State Penitentiary not less than two nor more than five years." Appellant is asking us to substitute for the word *and* in the penalty clause the word *or*, which we refuse to do. When the Legislature used the conjunction *and* it expressed the intention that the two punishments were to be added one to the other. That is the general sense in which *and* is used when connecting two phrases of the type before us. The word has been defined, in its conjunctive sense, as expressing the relation of addition. *Oliver* v. *Oliver*, 149 S. W. 2d 540 (Ky. 1941).

The second argument under Point II is that the evidence was insufficient to justify an instruction under which the jury could find appellant guilty as an accessory. Appellant did not make that objection known at the time of trial and is not now in any position to complain.

Point III. *The verdict is against the evidence.* Under this point appellant first attacks the testimony of Mrs. Letha Harrison, a chemist for the State Health Department. We are asked to say that her test of the material was so perfunctory as not to establish a reliable conclusion. We cannot agree. Mrs. Harrison's credentials showed her to be a graduate in chemistry from Henderson State College. She testified that after graduation she worked in an ordnance plant at Camden and at the same time ran chemical tests for the Arkansas State Police; and that for four months she had been working in the same capacity for the Health Department. She explained that she used a well-recognized professional procedure (Duquanious Test) for testing a portion of the contents of the matchbox. She concluded that the box contained cannabis sativa (mari-

juana). Our brief summary of her evidence is sufficient to show that it made a question for the jury and we think substantially so.

The second attack on the evidence under this point concerns the proffered testimony of Dr. H. P. McDonald. According to appellant's counsel, this witness—had he been permitted to take the witness stand —would have testified that marijuana is not a narcotic. Marijuana has long been classified by our General Assembly as a prohibited drug. Ark. Stat. Ann. § 82-1001 (Supp. 1969). The fact that Dr. McDonald might disagree with the legislative pronouncement is of no relevancy in the case.

Point IV. *The jury was incorrectly selected.* Here appellant relates that there were only two Negroes on the panel of thirty jurors called for service in the case and that the State exercised peremptory challenges on both Negroes. Consequently, avers appellant, he was unconstitutionally denied, as a Negro, equal protection guaranteed by the Fourteenth Amendment to the United States Constitution. Here is the complete record on the point:

MR. WILDER: At this time the defendant would like to make his objection to the fact that there were just a small number of colored people on this panel and that the State has systematically excluded the only colored people available to try this defendant. There was one in each group of twelve that was taken and that was the only challenge exercised by the State that I know of.

No evidence being in the record to support appellant's assertion on appeal of systematic or intentional exclusion of Negroes from jury service, that phase of his objection must fail. *Brown v. State,* 239 Ark. 909, 395 S. W. 2d 344 (1965). With respect to the attack on the State's peremptory challenges, the prosecuting at-

torney had the right to six such challenges without inhibition.

Affirmed.