William Lawrence FRENCH *v.* STATE of Arkansas

CR 76-120                                              541 S.W. 2d 680

Opinion delivered October 11, 1976

*William M. Ravkind,* Dallas, Tex.; *Jerry D. Patchen,* Houston, Tex., and *W. B. Putman,* Fayetteville, for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Gary Isbell,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. For reversal of a marijuana conviction in violation of the Controlled Substance Act, Ark. Stat. Ann. § 82-2617 (Supp. 1975), appellant William Lawrence French raises the three points hereinafter discussed.

POINT 1. The record admittedly contains evidence, if believed, that would establish the defense of entrapment. The trial court recognized the sufficiency of the evidence, but over objections of appellant to the word "unconscious" instructed the jury ". . . Entrapment exists where the criminal design or act originated, not with the accused, but with an officer of the law or his agent who lures the defendant into the *unconscious* commission of an unlawful act by persuasion, deceptive representation or inducement. . . ." We hold that the trial court erred in using the word "unconscious," because it is not an element in the defense of entrapment. See *Sorrells* v. *United States,* 287 U.S. 435, 53 S. Ct. 210, 77 L. Ed. 413 (1932), where Chief Justice Hughes pointed out that it was the duty of officers of the law to prevent, not to punish crime and that it was a gross abuse of authority for the officers to cause or create a crime in order to punish it. See also Ark. Stat. Ann. § 41-209 (Supp. 1975).

POINT 2. Appellant's contention that the trial court erred in failing to advise the jury that it was his burden to establish the defense of entrapment by a preponderance of the evidence, seems to have been raised for the first time on appeal. Therefore we do not reach that issue.

POINT 3. In addition to the evidence from which the jury could have found that a Government agent by the name of Haas had planned the acquisition of the marijuana and persuaded appellant to assist in its acquisition for the purpose of prosecuting and convicting appellant and others, the trial court ruled inadmissible evidence showing that Haas was paid by the Drug Enforcement Administration of the United States Government upon a contingent arrangement depending upon whether he makes a case and how many arrests result. To support the trial court's ruling, the State

mentions that Haas did not testify and concludes that such testimony was inadmissible because it involved collateral issues. The same contention, now made by the State, was argued by the Government in *Sorrells* v. *United States, supra.* In answer to the argument there that the defense of entrapment would lead to "the introduction of issues of a collateral character relating to the activities of the officials of the Government. . . ", the court there stated: "The Government in such a case is in no position to object to evidence of the activities of its representatives in relation to the accused. . . ."

As pointed out by the concurring opinion of Mr. Justice Roberts in *Sorrells* v. *United States, supra,* "Entrapment is the conception and planning of an offense by an officer, and his procurement of its commission by one who would not have perpetrated it except for the trickery, persuasion, or fraud of the officer." If such be the facts in a case, we can see no reason for preventing the defendant from proving them. The remuneration of an officer contingent upon the conviction of an accused has always been viewed as suspect, see *Doty* v. *Goodwin,* 246 Ark. 149, 437 S.W. 2d 233 (1969). Consequently, we must hold that the trial court erred in excluding the testimony showing the contingency of Haas' remuneration.

Reversed and remanded.

We agree: HARRIS, C.J., and HOLT and ROY, JJ.