Hank WEDGEWORTH *v.* STATE of Arkansas

CR 89-139                                    782 S.W.2d 357

Supreme Court of Arkansas
Opinion delivered January 8, 1990

*Greene Law Offices*, by: *John Ogles*, for appellant.

*Steve Clark*, Att'y Gen., by: *R.B. Friedlander,* Solicitor General, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Hank Wedgeworth, was convicted of possession and delivery of cocaine and sentenced to 35 years imprisonment and a $25,000 fine. On appeal he contends that the trial court erred in not holding as a matter of law that he was entrapped. We disagree and affirm.

On the morning of August 23, 1988, Gene Turner and Paula

Reynolds were arrested in El Dorado, Arkansas, for selling cocaine and methamphetamine. Later in the day, the El Dorado police, Turner, and Reynolds reached an agreement that the couple would not have to go to prison if they gave the police the name of their supplier and assisted in making an undercover buy from him. The couple named a resident of East Camden, Arkansas, Hank Wedgeworth, as one of their suppliers. Gene Turner then called Wedgeworth from the police station and asked him if he could supply some cocaine for the couple's wedding party. Turner and Reynolds were to be married in a few days. Wedgeworth told Turner that he would check to see if he could locate some of the drug.

Wedgeworth claims he got some cocaine from another supplier and that he and Turner agreed to meet at the Retreat Supper Club later that night. The plan of the authorities was that Vickie Mooney, an employee of the El Dorado Police Department, would pose as Paula Reynolds's cousin from Missouri and participate with Turner and Reynolds in the purchase.

Turner, Reynolds, and Mooney met Wedgeworth at the club. Turner, Reynolds, and Mooney then left in a van and met Wedgeworth again some two miles down the road. Apparently, Turner left Reynolds and Mooney in the van, visited with Wedgeworth, and then the two returned to the van, at which time Wedgeworth was introduced to Mooney. Wedgeworth told Turner to sell the cocaine to Mooney because he (Wedgeworth) "did not know her." Wedgeworth delivered the cocaine to Turner, who in turn received $200 for the cocaine from Mooney. Turner then handed the money to Wedgeworth. Mooney's testimony as to the transaction differs to the extent that she testified that she gave the money directly to Wedgeworth in exchange for the drugs. Shortly thereafter, Mooney talked to Wedgeworth privately about buying some more cocaine as a wedding present for Turner and Reynolds.

On August 25, Turner and Reynolds contacted Wedgeworth concerning the proposed sale of additional cocaine to Mooney. As a result, Wedgeworth and Mooney met in the parking lot of the Retreat Supper Club. State Police Investigator Eddie Davis accompanied her. Mooney got into Wedgeworth's vehicle. He produced three packets of cocaine, and Mooney paid him $475.

On October 25, 1988, Wedgeworth was arrested for possession and delivery of cocaine.

At trial, Wedgeworth moved for a directed verdict on the ground that he was entrapped as a matter of law. The trial court denied his motion. Wedgeworth was then convicted and sentenced. Thereafter, he moved for judgment notwithstanding the verdict on the same basis. The trial court denied the motion. From this order, Wedgeworth appeals.

Entrapment is an affirmative defense, upon which the defendant bears the burden of proof by a preponderance of the evidence. *McCaslin* v. *State*, 298 Ark. 335, 767 S.W.2d 306 (1989); *White* v. *State*, 298 Ark. 163, 765 S.W.2d 949 (1989). Entrapment occurs when a law enforcement officer or any other person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Ark. Code Ann. § 5-2-209 (1987). Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Id.*

Entrapment as a matter of law is established only if, viewing the evidence in a light most favorable to the State, there is no factual issue to be decided. *Leeper* v. *State*, 264 Ark. 298, 571 S.W.2d 580 (1978). *See also Walls* v. *State*, 280 Ark. 291, 658 S.W.2d 362 (1983); *McCaslin, supra*. Otherwise, entrapment is a question of fact for the jury to resolve.

Here, there were factual issues to be decided as to whether or not the conduct of the authorities and the persons acting in cooperation with them would have caused a law-abiding citizen to possess and deliver cocaine.

Affirmed.

TURNER, J., not participating.