Thelma Jean SMITH *v.* STATE of Arkansas

CA CR 90-135                                   805 S.W.2d 663

Court of Appeals of Arkansas
En Banc
Opinion delivered March 20, 1991
[Rehearing denied April 24, 1991.]

*Young & Finley,* by: *Dale W. Finley,* for appellant.

*Steve Clark,* Att'y Gen., by: *Kelly K. Hill,* Asst. Att'y Gen., for appellee.

GEORGE K. CRACRAFT, Chief Judge. Thelma Jean Smith appeals from her conviction of delivery of a controlled substance for which she was sentenced to three years in the Arkansas Department of Correction and fined $10,000.00. The sole issue on appeal is whether the trial court erred in refusing to instruct the jury on the affirmative defense of entrapment. We find no error and affirm.

At trial, the State offered evidence that on two occasions Donnie Harris, a confidential informant operating with police officer Brad Bennett, obtained marijuana from appellant at her home in exchange for money. The officer testified that on both occasions he had searched Harris to make certain that he had no money or marijuana on his person prior to the controlled buy. He stated that on one occasion he gave Harris $25.00, drove him to the vicinity of the appellant's residence, and watched him enter the house, and that Harris returned without the $25.00 and delivered to him a bag of marijuana. He testified that on the

second occasion Harris was given $55.00 and the same procedure was followed. He testified that Harris went into appellant's house, returned without the $55.00, and delivered to him a bag of marijuana.

Harris testified that he first met appellant at a club in Russellville and that he saw several times thereafter before there was any conversation about drugs. He testified that the first time drugs were mentioned was when he was at appellant's residence and he asked appellant's friend if she knew where he could get some marijuana. Harris stated that appellant replied that she "could get it." Harris testified that he later returned with Officer Bennett and purchased some marijuana. He further testified that he had purchased some marijuana from appellant on a subsequent occasion for fifty or fifty-five dollars. He added that, on that occasion, appellant handed him a bag of marijuana from her refrigerator and he handed her the money. According to Harris, he had visited appellant's residence "a dozen times or so" and that they were just acquaintances.

Appellant testified and denied that she had sold marijuana to Harris. She stated that on one occasion she had given Harris some marijuana but that she did not receive any money in exchange for it. She testified that she had obtained the marijuana from her nephew many years before and that it had been in her freezer. Appellant stated: "I gave it to Mr. Harris. I did not take any money from him." She testified that on one occasion Harris had given her some money but that it was in payment of a debt and not in exchange for contraband. Appellant denied ever having given marijuana to Harris on any other occasion. Appellant further testified that she had seen Harris at least fifty times and that he had asked her to marry him. She stated that, although she did like Harris at first, they never had an affair and she was not interested in him.

The trial court refused to give appellant's proffered instruction on entrapment because appellant denied that she had received anything of value in exchange for the admitted delivery of marijuana and that she was involved in any other delivery. Appellant was found guilty of one count of delivery of a controlled substance.

Appellant contends that the trial court erred in refusing to

instruct the jury on the affirmative defense of entrapment. We do not agree. "Deliver" or "delivery" means the actual, constructive, or attempted transfer from one person to another of a controlled substance in exchange for money or anything of value. Ark. Code Ann. § 5-64-101(f) (Supp. 1989). Arkansas Code Annotated § 5-2-209 (1987) provides that entrapment occurs when an officer, or any person acting in cooperation with him, induces the commission of an offense by using persuasion or other means likely to cause normally law abiding persons to commit the offense. Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment.

On several occasions our courts have had the opportunity to consider the affirmative defense of entrapment, and have held that when it is invoked it is necessarily assumed that the act charged was committed. *See Fight* v. *State*, 254 Ark. 927, 497 S.W.2d 262 (1973). Where a defendant insists that he did not commit the acts he is charged with, one of the bases of the entrapment defense is absent and he is not entitled to that defense. *Robinson* v. *State*, 255 Ark. 893, 503 S.W.2d 883 (1974); *Brown* v. *State*, 248 Ark. 561, 453 S.W.2d 50 (1970). As appellant denied that she accepted money or anything of value in exchange for the marijuana that she delivered to Harris, we cannot conclude that the trial court erred in refusing to give an entrapment instruction.

In *Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989), our supreme court recognized that the federal courts had adopted the rule that, even if a defendant denies one or more elements of the crime, he is entitled to an entrapment instruction whenever there is sufficient evidence from which a reasonable jury could find entrapment. *See Mathews* v. *United States*, 485 U.S. 58 (1988). In *Morris*, the defendant denied that he had sold marijuana to an undercover agent and the trial court denied his requested instruction on entrapment. Affirming the trial court, the supreme court stated that it was not bound to follow *Mathews* because that case involved the construction of federal procedural law and that, in any event, there was no evidence from which the jury could have found entrapment. In dicta, the court in *Morris* stated:

[W]e can think of at least two situations where our prior

cases and *Mathews* would conflict: (1) when the accused denies committing the offense charged, but the prosecution's case-in-chief includes substantial evidence of entrapment; and

(2) when the accused is charged with conspiracy, but denies being party to the conspiracy, and claims that any overt acts done by him were the result of entrapment. Neither of these cases are before us, and we will save the resolution of the issue until we have such a case.

300 Ark. at 342, 779 S.W.2d at 527.

■ Appellant argues that we should depart from the established law in *Robinson, Fight,* and *Brown* and follow *Mathews.* We decline to do so for two reasons. First, we are bound to follow the existing rule. Any such departure should be made by the supreme court rather than the court of appeals as we do not consider it within our province to do so. Secondly, neither of the two situations in which the court in *Morris* noted that our prior cases and *Mathews* would conflict are present here.

Affirmed.

JENNINGS and ROGERS, JJ., dissent.

JOHN E. JENNINGS, Judge, dissenting. From a reading of *Morris* v. *State,* 300 Ark. 340, 779 S.W.2d 526 (1989), it appears imminent that the Arkansas Supreme Court will elect to adopt the rule stated by the United States Supreme Court in *Mathews* v. *United States,* 485 U.S. 58 (1988), i.e., that a defendant may be entitled to an instruction on the defense of entrapment even if he denies one or more elements of the offense. In the case at bar it is unnecessary for us to decide whether to anticipate that change because even under prior law, on these facts, an instruction on entrapment should have been given. It is clear that a defendant need not plead guilty in order to obtain the instruction. *See Brown* v. *State,* 248 Ark. 561, 453 S.W.2d 50 (1970); *Rodriguez* v. *United States,* 227 F.2d 912 (5th Cir. 1955). The court in *Brown* did quote *Rodriguez* for the proposition that the defense on entrapment is unavailable to a defendant who denies the *acts* charged. *Brown,* 248 at 564. In *Brown* the defendant denied any connection with, or knowledge of, the drugs. In *Robinson* v. *State,* 255 Ark. 893, 503 S.W.2d 883 (1974), the defendant's only

witness testified that the material the defendant had given to the police officer was not cocaine, but merely aspirin.

The case at bar is substantially different. Appellant admitted giving marijuana to the confidential informant and admitted receiving money from him. In my view this was a sufficient admission of the "acts" charged to entitle the appellant to a jury instruction on entrapment, despite her contention that the money was not received in exchange for the marijuana. A judicial confession is not prerequisite to the giving of the instruction.

Finally, I agree with Justice Newbern's view that the giving of the instruction here could do no harm. *See Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989) (Newbern, J., concurring).

For these reasons, I respectfully dissent.

ROGERS, J., joins in this dissent.