Vaugn YOUNG *v.* STATE of Arkansas

CR 91-219 826 S.W.2d 814

Supreme Court of Arkansas
Opinion delivered March 23, 1992

*Henry H. Boyce*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Didi H. Sallings*, Asst. Att'y Gen., for appellee.

DONALD L. CORBIN, Justice. Appellant, Vaugn Young, appeals his conviction of delivery of cocaine. He was found guilty by a Jackson County jury and sentenced to forty years in the Arkansas Department of Correction. As his sole point for reversal, appellant contends the trial court erred in prohibiting testimony that an undercover drug task force agent brought cocaine to appellant's home and smoked it there. Appellant attempted to offer the testimony as evidence of his defense of entrapment; the trial judge prohibited the testimony as impeachment of the agent's testimony on a collateral matter. We find the trial court did not abuse its discretion in excluding the evidence

and affirm.

At trial, appellant denied that he sold cocaine to Officer Phillip Crutchfield of the Jackson County-Newport Drug Task Force. He contended that Officer Crutchfield confused appellant with appellant's deceased brother and former next-door neighbor, Rex Young, who appellant testified had a similar appearance to his own. However, the thrust of appellant's defense was entrapment. Appellant argued that, prior to the delivery of cocaine on December 6, 1990, for which appellant was being tried, Officer Crutchfield engaged in a course of conduct that entrapped appellant to sell him cocaine on December 6, 1990.

As part of the prosecution's case in chief, Officer Crutchfield testified on direct examination that he contacted appellant on two occasions prior to December 6, 1990. He testified that he saw appellant on September 4, 1990, and that he went to appellant's home on September 14, 1990. He testified that on one of these occasions, he provided cocaine to appellant. However, on cross-examination, Officer Crutchfield denied ever smoking cocaine.

We have recently stated the law on the defense of entrapment:

> Entrapment is an affirmative defense, upon which the defendant bears the burden of proof by a preponderance of the evidence. [Citations omitted.] Entrapment occurs when a law enforcement officer or any other person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense. Ark. Code Ann. § 5-2-209 (1987). Conduct merely affording a person an opportunity to commit an offense does not constitute entrapment. *Id.*

*Wedgeworth* v. *State*, 301 Ark. 91, 93, 782 S.W.2d 357, 358 (1990).

In an attempt to meet his burden of proving entrapment by a preponderance, appellant twice tried to present the testimony of Linda Fair, Officer Crutchfield's former girlfriend. Appellant attempted to call Fair as his first witness. The state objected to her testimony arguing that it would impeach the officer's credibility on a collateral matter. The trial judge sustained the objection. As

is required on a ruling excluding evidence, appellant made a proffer of Fair's testimony. The proffered testimony was that Fair "did drugs, bought drugs and sold drugs" with Officer Crutchfield. The trial court stated it would sustain the objection until after appellant testified.

Appellant then took the stand and testified that on September 14, 1990, Officer Crutchfield and his friend came to appellant's home, that Officer Crutchfield brought some cocaine with him, asked appellant to "cook it up," which appellant did, and that Officer Crutchfield and his friend then smoked the cocaine at appellant's home.

Again, appellant tried to call Fair as a witness, arguing not only that her testimony would impeach Officer Crutchfield, but also that it would show Officer Crutchfield's course of conduct in entrapping appellant. The prosecution renewed its objection to her testimony as impeachment on a collateral matter. The trial court inquired about the dates Fair's testimony would concern. Appellant responded that she would testify to events occurring on September 14, 1990. After careful consideration, the trial court made a final ruling on the admissibility of Fair's testimony; it concluded that her testimony did not concern Officer Crutchfield's conduct on the date in question, December 6, 1990, her testimony would serve only as impeachment of Crutchfield on a collateral matter and was therefore not admissible.

On appeal, appellant maintains his theory of defense presented at trial, that it was error to exclude Fair's testimony because it is evidence of entrapment which he has the burden of proving by a preponderance. The state's response is that, because appellant denied having committed the offense for which he was tried, the defense of entrapment is not available to him. Therefore, any error that may have been committed in excluding the testimony is harmless.

The question then is whether the exclusion of Fair's testimony was prejudicial error. However, we must first determine if Fair's testimony is admissible as evidence of entrapment or if it must be excluded as impeachment of Officer Crutchfield's testimony on a collateral issue.

■ We have previously decided that entrapment is not a

collateral issue. In *French* v. *State*, 260 Ark. 473, 541 S.W.2d 680 (1976), we relied on *Sorrells* v. *United States*, 287 U.S. 435 (1932), and rejected the government's argument that the defense of entrapment would lead to the introduction of collateral character issues. In *French*, we concluded the trial court erred in excluding testimony of an officer's conduct concerning the alleged entrapment. In *Brascomb* v. *State*, 261 Ark. 614, 550 S.W.2d 450 (1977), we relied on *French*, and again held that the defense of entrapment is not a collateral issue. *Brascomb* is particularly applicable to the present case in that Brascomb, like appellant, was attempting to show a course of conduct or series of actions which constituted the alleged entrapment.

Common justice requires that any evidence pertinent to the issue of entrapment be admitted. *Brascomb, supra.* When proving entrapment, primary importance is accorded to the conduct of a law enforcement officer, or the person acting in cooperation with the officer. *Spears* v. *State*, 264 Ark. 83, 568 S.W.2d 492 (1978). The defendant should be allowed a reasonable latitude in presenting whatever facts and circumstances he claims constitute an entrapment, subject to ordinary rules of admissibility. *Id.* Our rules of admissibility provide that evidence having any tendency to make the existence of entrapment more probable is admissible, A.R.E. Rule 401, and that evidence which is competent for one purpose but incompetent for another be admitted with a limiting instruction, A.R.E. Rule 105.

Based on the foregoing rules of law, it is clear that Fair's testimony would have been admissible on the issue of entrapment, if appellant would have been able to proceed with that defense given his denial on direct testimony that he committed the crime for which he was on trial. Thus, whether a defendant is entitled to the defense of entrapment when he denies committing the acts with which he is charged is the next issue we must resolve.

On several occasions we have considered the defense of entrapment and concluded that when the defense is invoked, it is necessarily assumed that the act charged was committed. *Fight* v. *State*, 254 Ark. 927, 497 S.W.2d 262 (1973). Where an accused insists that he did not commit the acts he is charged with, one of the bases of the entrapment defense is absent, and the accused is not entitled to that defense. *Robinson* v. *State*, 255 Ark. 893, 503

S.W.2d 883 (1974); *Brown* v. *State*, 248 Ark. 561, 453 S.W.2d 50 (1970). However, in *Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989), we recognized that the federal courts have adopted the rule that even if a defendant denies one or more elements of a crime, he is entitled to an instruction on entrapment whenever there is sufficient evidence from which a jury could find entrapment. *See Mathews* v. *United States*, 485 U.S. 58 (1988).

When presented with the issue of the *Mathews* rule in *Morris*, we declined to adopt the federal courts' view because the *Mathews* case applied federal criminal rules of procedure rather than principles of constitutional law. We stated in *Morris* that we could think of two possible situations in which we would consider adopting the *Mathews* rule. *See Morris*, 300 Ark. at 342, 779 S.W.2d at 527. Neither of those two situations is presented in the current case. Therefore, we adhere to the principle of *stare decisis* and follow the rule enunciated in *Fight, Robinson*, and *Brown*.

■ We conclude that because appellant denied having committed the act charged, he was not entitled to proceed with evidence of the defense of entrapment.

■ Appellant was not entitled to the defense of entrapment. Therefore, although we have concluded that entrapment is not a collateral issue, it was not error for the trial court to have excluded Fair's testimony. Although the trial court's reasoning for excluding the evidence differs from our reasoning today, we affirm the ruling because it achieves the correct result. *Laymon* v. *State*, 306 Ark. 377, 814 S.W.2d 901 (1991).

Affirmed.

NEWBERN, J., dissents.

DAVID NEWBERN, Justice, dissenting. Every appellate judge is faced from time to time with deciding whether to give up on a point of view previously published and rejected by the majority of the members of the court on which the judge serves. For me, this case presents such an occasion.

In a concurring opinion in *Morris* v. *State*, 300 Ark. 340, 779 S.W.2d 526 (1989), I stated my view that a defendant's assertion of entrapment and denial should not result in denying consideration of both issues by the trier of fact. I choose to restate it here

because I hope that in a future case this Court, as did the United States Supreme Court in *Mathews* v. *United States*, 485 U.S. 58 (1988), may recognize the point.

The entire concurring opinion from the *Morris* case need not be repeated here. I will, however, say again that the federal case, *Rodriguez* v. *United States*, 227 F.2d 912 (5th Cir. 1955), which formed the basis of our initial decision, *Brown* v. *State*, 248 Ark. 561, 453 S.W.2d 50 (1970), that entrapment and denial were fatally inconsistent defenses is no longer the law in view of the *Mathews* case.

While I understand the majority opinion's reference to *stare decisis*, which forms one horn of the dilemma expressed at the outset of this opinion, I am troubled by blind adherence. I must point out that in the *Morris* case the majority did not ignore the logic of the Supreme Court's decision in the *Mathews* case because it "applied federal criminal rules of procedure rather than principles of constitutional law." That, of course, was only a reason we were not *bound* by the *Mathews* decision. Our reason for not even getting to the issue in the *Morris* case — a reason with which I could not then or now quarrel — was that the defendant had not presented a *prima facie* case of entrapment.

If the defendant's contention is, as here, that there was a misidentification which led to his being accused of a crime he did not commit, it is not logically improper to instruct the jury on the defense of entrapment. While those theories of defense may be inconsistent, that should not deprive the trier of fact of the opportunity to consider both. A jury could readily decline to believe the accused's denial but believe the evidence of entrapment. Refusal to allow the defense may thus result in infliction of punishment upon a defendant which should not be inflicted upon one who was entrapped. The result may be that the defendant is punished for a serious crime when his "offense" is only that he sought to require the State to prove its case against him in addition to offering an affirmative defense.

I respectfully dissent.