2012 Ark. 185

**James Robert LOWE, Appellant**

v.

**STATE of Arkansas, Appellee.**

**No. CR 11–863.**

Supreme Court of Arkansas.

April 26, 2012.

James Robert Lowe, pro se appellant.

Dustin McDaniel, Atty. Gen., by: LeaAnn J. Irvin, Asst. Atty. Gen., for appellee.

PER CURIAM.

Appellant James Robert Lowe lodged an appeal in this court from the denial of his petition for postconviction relief from a 2009 conviction for possession of drug paraphernalia with intent to manufacture methamphetamine. Appellant filed a petition for writ of certiorari to complete the record. In that petition, he seeks to bring up certain items to be included in the record. He has also filed a motion for appointment of counsel. We deny the petition, and we dismiss the appeal. Because we dismiss the appeal, the motion is moot.

A jury found appellant guilty of the possession-of-drug-paraphernalia charge and sentenced him to 360 months' imprisonment. The Arkansas Court of Appeals affirmed the judgment. *Lowe v. State,* 2011 Ark. App. 68, 2011 WL 386982. After the trial court denied appellant's timely petition under Arkansas Rule of Criminal Procedure 37.1 (2011) without a hearing, appellant lodged the appeal at hand.

A brief summary of the evidence presented at appellant's trial is helpful in understanding the issues presented. Wayne Barnett, a narcotics detective with the Fort Smith Police Department, met with a confidential informant who indicated that appellant was manufacturing, or wanted to manufacture, methamphetamine. Barnett wired the informant with a transmitter and provided money for the purchase of materials to manufacture the methamphetamine. Barnett observed as the informant went to a parking lot and picked up appellant and his girlfriend. Barnett continued his surveillance as the three then drove to different stores looking for, and eventually purchasing, the necessary materials to manufacture the drug. Once all the required materials had been gathered, Barnett had the vehicle stopped, and appellant was arrested.

Appellant requests in his petition for writ of certiorari that the record on appeal be supplemented with the following items: a transcript of certain conversations that were recorded by a "transponder" that the confidential informant wore, receipts reflecting that the items of paraphernalia had been purchased, the transcripts of certain phone conversations between appellant and the confidential informant that Barnett testified had been recorded, the police report filed by Barnett and another detective, and testimony by Barnett at a proceeding to revoke the suspended imposition of a sentence on an unrelated charge. The State contends that these items that appellant would have included in this record were not before the court below. As to some items, that is clearly so; there was no admission of any of the referenced recordings of any conversations between the informant and appellant. As with the recordings, the police report may have been referenced at appellant's trial, but appellant concedes

that it was not admitted ₃into the record. This court has long and consistently held that it cannot, in the exercise of its appellate jurisdiction, receive testimony or consider anything outside of the record below. *Guy v. State*, 2011 Ark. 305, 2011 WL 3136699 (per curiam).

■ The remainder of the items are simply not pertinent to this court's review or are already contained within public records of which this court may take judicial notice. The receipts were admitted into evidence at appellant's trial. The record of appellant's trial was filed with this court, and that record is considered by this court without need to supplement the record. *See Drymon v. State*, 327 Ark. 375, 938 S.W.2d 825 (1997) (per curiam). Only a photograph of the bag of receipts was attached to the record in appellant's direct appeal, but the details of the receipts are not necessary for this court to dispose of the instant appeal, as explained more fully below.

The testimony from the revocation hearing is also contained in a record of that proceeding. This court does not generally take judicial notice of the record in other cases, because it cannot be ascertained that the evidence would be the same in both cases. *Anderson v. State*, 2011 Ark. 488, 385 S.W.3d 783. As was the case in *Drymon*, however, the circumstances here are such that we may take notice of the contents of that record, to the extent necessary for our review. Appellant bases some of his arguments on the fact that the evidence in the revocation proceeding was presented to the same judge that presided over appellant's trial in this case. Because we may, if necessary, take notice of that record, appellant has not demonstrated a need to supplement the record, and his petition is therefore denied.

■ Our review of the record in considering appellant's petition for writ of certiorari has ₄made it clear that appellant cannot prevail on appeal, and we therefore dismiss the appeal. An appeal from an order that denied a petition for a postconviction remedy will not be permitted to go forward where it is clear that the appellant could not prevail. *Watson v. State*, 2012 Ark. 27, 2012 WL 234634 (per curiam); *Riddell v. State*, 2012 Ark. 11, 2012 WL 90022 (per curiam); *Hendrix v. State*, 2012 Ark. 10, 2012 WL 90020 (per curiam); *Croft v. State*, 2010 Ark. 83, 2010 WL 569744 (per curiam); *Crain v. State*, 2009 Ark. 512, 2009 WL 3400645 (per curiam).

Both parties have now filed their briefs. In addition to challenging the trial court's rulings on his claims, appellant also challenges the sufficiency of the findings of fact concerning some of those rulings and the trial court's failure to rule on certain motions. The allegations in the petition, however, conclusively show that appellant was not entitled to relief on the Rule 37.1 petition, regardless of the sufficiency of the findings in the order, and the trial court's failure to rule on the motions, as petitioner asserts, would not change that result. Appellant's arguments on appeal could not prevail.

■ Appellant asserts in his brief that the trial court failed to rule on his motions for production of evidence, a second motion to amend, and a motion to modify the order. A petitioner is not entitled to discovery to pursue a Rule 37.1 claim for relief. *Clarks v. State*, 2011 Ark. 296, 2011 WL 3136042 (per curiam). The trial court effectively denied appellant's second motion to amend by issuing its order denying relief without addressing those additional claims. Moreover, appellant filed the second motion to amend the Rule 37.1 petition only a few days prior to the date that the trial court entered its order on the petition. Under Arkansas

Rule of Criminal Procedure 37.2(e), the trial court has discretion to grant leave to amend. Under the circumstances here— that is, where the court had previously granted one motion to amend and the petitioner filed a second motion to add additional claims only a short time before the court entered its order—the court did not abuse its discretion to deny leave to amend the petition further. *See Rodriguez v. State*, 2010 Ark. 78, 2010 WL 569750 (per curiam).

██ Arkansas Rule of Criminal Procedure 37.3 requires the trial court to provide written findings specifying the parts of the files or record relied upon to dismiss a Rule 37.1 petition without a hearing. *See* Ark. R.Crim. P. 37.3(a); *Rackley v. State*, 2010 Ark. 469, 2010 WL 4922390 (per curiam). This court will reverse if the trial court fails to make such findings, except in cases where it can be determined from the record that the petition is without merit or where the allegations in the petition are such that it is conclusive on the face of the petition that no relief is warranted. *Olivarez v. State*, 2012 Ark. 24, 2012 WL 234632 (per curiam); *Richardson v. State*, 2011 Ark. 478, 2011 WL 5437570 (per curiam); *Rackley*, 2010 Ark. 469, 2010 WL 4922390. For the reasons stated below, the allegations in the petition filed in this case conclusively show that no relief is warranted.

██ Appellant's Rule 37.1 petition, with the permitted amendment, set forth nine claims of ineffective assistance of counsel and listed grounds for relief on the basis of prosecutorial misconduct, denial of a fair trial, and denial of due process. Claims of prosecutorial misconduct are not cognizable in a Rule 37.1 petition. *Watson*, 2012 Ark. 27, 2012 WL 234634. Appellant's other direct attacks on the verdict, his claims of denial of a fair trial and denial of due process, are also various claims of trial error that must have been raised at trial and are not cognizable in a Rule 37.1 proceeding. *See id.*

██ The remaining claims in the petition are claims of ineffective assistance of counsel. We assess the effectiveness of counsel under the two-prong standard set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Simmons v. State*, 2012 Ark. 58, 2012 WL 401608 (per curiam); *Croy v. State*, 2011 Ark. 284, 383 S.W.3d 367 (per curiam). Actual ineffectiveness claims alleging deficiency in attorney performance are subject to a general requirement that the defendant affirmatively prove prejudice. *Strain v. State*, 2012 Ark. 42, 394 S.W.3d 294 (per curiam). Under the *Strickland* test, a claimant must show that counsel's performance was deficient, and the claimant must also show that the deficient performance prejudiced the defense to the extent that the appellant was deprived of a fair trial. *Id.*

██ With respect to the requirement that prejudice be established, a petitioner must show that there is a reasonable probability that the fact-finder's decision would have been different absent counsel's errors. *Cowan v. State*, 2011 Ark. 537, 2011 WL 6275694 (per curiam). A reasonable probability is a probability sufficient to undermine confidence in the outcome of the trial. *Id.* There is a strong presumption that trial counsel's conduct falls within the wide range of reasonable professional assistance, and a claimant has the burden of overcoming this presumption by identifying specific acts or omissions of trial counsel, which, when viewed from counsel's perspective at the time of the trial, could not have been the result of reasonable professional judgment. *Id.*

The burden is entirely on the petitioner in a Rule 37.1 proceeding to provide facts that affirmatively support the claims of prejudice. *Payton v. State*, 2011 Ark. 217, 2011 WL 1805340 (per curiam). Neither conclusory statements nor allegations without factual substantiation are sufficient to overcome the presumption that counsel was effective, and such statements and allegations will not warrant granting postconviction relief. *Id.* None of appellant's allegations of ineffective assistance provided facts sufficient to support a demonstration of prejudice.

Appellant's first claim of ineffective assistance alleged that counsel was ineffective for failing to move for a directed verdict so as to preserve for appeal issues concerning an entrapment defense and territorial jurisdiction. The charge, however, was filed by the State, raising a presumption of jurisdiction, and there was ample testimony at trial that appellant was arrested in or near Fort Smith with the paraphernalia. *See Smith v. State*, 367 Ark. 274, 239 S.W.3d 494 (2006); *Ridling v. State*, 360 Ark. 424, 203 S.W.3d 63 (2005). Appellant provided no basis on which counsel may have challenged the trial court's territorial jurisdiction in the petition.

Nor did appellant put forth any valid argument in the petition for counsel to have successfully established grounds for a directed verdict on the basis that the evidence required a finding of an affirmative defense of entrapment. A petitioner does not demonstrate the requisite prejudice for a claim of ineffective assistance based on the failure to make a motion or objection if he does not establish in his petition that counsel could have made a successful motion or objection, and trial counsel cannot be ineffective for failing to make an objection or argument that is without merit. *See Sandoval–Vega v.*

*State*, 2011 Ark. 393, 384 S.W.3d 508 (per curiam).

Entrapment occurs when a law-enforcement officer or any person acting in cooperation with him induces the commission of an offense by using persuasion or other means likely to cause normally law-abiding persons to commit the offense; conduct merely affording the person an opportunity to commit an offense does not constitute entrapment. Ark.Code Ann. § 5–2–209 (Repl.2006); *Heritage v. State*, 326 Ark. 839, 936 S.W.2d 499 (1996); *see also Wedgeworth v. State*, 301 Ark. 91, 782 S.W.2d 357 (1990); *White v. State*, 298 Ark. 163, 765 S.W.2d 949 (1989). We have held that merely affording one the means and opportunity to do that which he is otherwise ready, willing, and able to do does not constitute entrapment. *Morris v. State*, 300 Ark. 340, 779 S.W.2d 526 (1989). There was testimony at trial that appellant had the knowledge to make methamphetamine, including the items that were necessary for the process, and that appellant directed the other participants concerning what items should be purchased. The evidence included testimony that appellant had made a statement to one of the arresting officers indicating that he needed money in order to pay some fines, that the informant had money and clients who would buy the drug, and that the informant wanted appellant to cook the methamphetamine. The arrangement—according to appellant's own statement—was to be that appellant cooked the methamphetamine, the informant would sell it, and after the product was sold the informant would give appellant half the money.

The informant testified that he and appellant had telephone and text-message conversations for a few days leading up to acting on their plans; that they had discussed the fact that they were both broke and could use some money; and that ap-

pellant had told the informant that he could cook methamphetamine, if he had a little money, and turn it into a lot of money. After the informant's conversation with the police officer, the informant suggested that he could get the money. On cross-examination, the defense questioned the informant about his persistence in suggesting that he and appellant should make methamphetamine, about the informant's legal problems, and about the money that the informant owed in restitution. Counsel also questioned appellant's girlfriend about the informant's and appellant's eagerness to cook methamphetamine on the day that the three were arrested. At most, the evidence presented a jury question concerning whether the informant had induced the commission of the offense, and the jury in this case was given an instruction on the affirmative defense of entrapment.

■ In appellant's next claim in the petition, and in two other claims that followed, he alleged that counsel had failed to have admitted certain evidence. In particular, appellant asserted that counsel was ineffective because he did not introduce cell-phone records that showed that the informant had called and texted him, the recording from the transmitter on the informant, and video footage from one of the stores that showed appellant using the self-checkout alone. The petition, however, did not contain facts to show the usefulness of these items of evidence to appellant's defense, and the claim did not demonstrate prejudice.

There was testimony at appellant's trial that the informant had exchanged multiple calls and text messages with appellant leading up to appellant's arrest, and counsel asked a number of questions concerning the informant's initiating the plan to manufacture the drug and the informant's strong motivation to have appellant participate in the planned drug scheme so that he could garner favor with the police. There was little evidence introduced to establish who bought the particular items of paraphernalia, other than the iodine, and appellant did not establish how it mattered to his defense, on a charge of possession, whether he was the individual who actually purchased the items.

This additional evidence not introduced was either cumulative to, or consistent with, other evidence that had been admitted, and it could not have furthered appellant's entrapment defense in any significant way. What appellant alleged was contained in the phone records, the recorded conversations, or the video tapes was not sufficient to raise a reasonable probability that the fact-finder's decision would have been different absent counsel's alleged errors.

■ In appellant's third and also his ninth ineffective-assistance claim, appellant alleged that counsel either failed to call, or that counsel otherwise prevented, certain witnesses from testifying.[1] The information that appellant alleged that these witnesses would have provided concerned appellant's employment and schedule to work that day, that appellant and the informant attended church together, and that the informant had contacted one of the witnesses and tried to involve her in drugs. There was testimony at appellant's trial that appellant was employed and had plans to work that day, that appellant had at-

1. In his last claim, appellant also asserts that counsel made a remark to the potential witness that characterized appellant in a vulgar, disparaging manner. Although the remark would have been decidedly unprofessional, appellant did not explain in what way the remark may have prevented him from receiving a fair trial. Appellant only alleged that it did in a conclusory statement.

tended church with the informant, and that the informant had given the police information on a number of other drug cases, in addition to appellant's.

If a petitioner claims ineffective assistance based on a failure to call a witness, the petitioner must name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. *Fernandez v. State*, 2011 Ark. 418, 384 S.W.3d 520 (per curiam). Even assuming that the testimony of the witnesses that appellant named would have been admissible, appellant's summary of the testimony does not establish that the alleged error in failing to call the witnesses would have resulted in prejudice. Once again, the evidence appellant asserted was not admitted was cumulative to evidence that had been admitted or did not otherwise further his defense.

Appellant's next claim in the petition was that counsel failed to meet with him or allow him to participate sufficiently in his own defense, and counsel was therefore unprepared to present an adequate defense. General assertions that counsel did not meet with the defendant enough, or did not aggressively prepare for trial, are not sufficient to establish an ineffective-assistance-of-counsel claim. *Dunlap v. State*, 2010 Ark. 111, 2010 WL 746185 (per curiam).

Next, appellant alleged that counsel had failed to file a motion to suppress evidence. Appellant did not clearly identify what specific evidence should have been suppressed, appearing to only broadly refer to all of the evidence presented by the State. Even assuming that appellant would refer to the physical evidence seized in conjunction with appellant's arrest, appellant did not identify any basis on which counsel might have successfully objected to admission of the evidence.

Appellant alleged that counsel should have made the motion to suppress "based on the facts that the government provided all the money for the buys, directed the informant where to make the buy, and allowed the informant to commit other crimes before and during the buys." He also alleged that half of the items seized were purchased by the informant. As previously discussed, in order to support a demonstration of prejudice, appellant's claim must have set forth some basis on which counsel could have successfully challenged the admission of the evidence. Yet, appellant did not explain how the facts that he alleged would have supported any legal theory that might have challenged the admission of what was clearly relevant evidence, nor is such a theory obvious. A court is not required to research or develop arguments contained in a petition for postconviction relief. *Payton*, 2011 Ark. 217, 2011 WL 1805340. A search incident to arrest is permissible under Arkansas Rule of Criminal Procedure 12.4 (2011), and appellant did not set forth any legal theory upon which to challenge either the arrest or the search.

Appellant's final claim of ineffective assistance of counsel was that counsel failed to let him testify. A petitioner who claims ineffective assistance based on trial counsel's refusal to let the petitioner testify must satisfy the prejudice prong of *Strickland* by stating specifically what the content of his testimony would have been and demonstrating that his failure to testify resulted in actual prejudice to his defense. *Cowan*, 2011 Ark. 537, 2011 WL 6275694 (citing *Isom v. State*, 284 Ark. 426, 682 S.W.2d 755 (1985)). In his petitions, appellant alleged that he would have testified that the informant pressured him for two weeks, that the informant called him for about six hours on the day of appel-

lant's arrest, and that the informant had told appellant that the informant would go back to jail if appellant did not help him.

Appellant did not demonstrate that his failure to testify resulted in actual prejudice to his defense. As already noted, there was evidence at the trial that the informant had considerable motivation to have appellant go along with the plan to cook methamphetamine, and there had been considerable exchanges in discussing those plans. Appellant's testimony concerning the number of calls and discussions initiated by the informant would not have provided evidence with potential to change the outcome of the trial. His contention that the informant said he would go back to jail if appellant did not help him is consistent with the other testimony concerning the informant's motivation for initiating the conversations about the drug scheme.

Considered in light of appellant's admission that he needed money and that the drug scheme was devised so that appellant could combine his knowledge of the manufacturing process with the informant's customer base, the description contained in the petition and amended petition of appellant's proposed testimony was not sufficient to meet appellant's burden to demonstrate prejudice. The additional evidence from that testimony would not have been sufficient to raise a reasonable probability that the fact-finder's decision would have been different if the jury had heard appellant's testimony.

Appellant did not include facts in the petition as amended that would demonstrate prejudice for any of the claims of ineffective assistance. Each of the claims failed in that regard. Because the petition as amended did not support relief, the trial court did not err in denying the amended petition. As a result, appellant cannot now prevail on appeal.

Petition denied; appeal dismissed; motion moot.