

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–16–768

|  |  |
|---|---|
| KEVIN SPENCER OWENS, SR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered:** February 22, 2017<br><br>APPEAL FROM THE SEBASTIAN COUNTY CIRCUIT COURT, FORT SMITH DISTRICT<br>[NO. 66FCR–15–459, 66FCR–15–1003, AND 66FCR–15–1005]<br><br>HONORABLE STEPHEN TABOR, JUDGE<br><br>AFFIRMED |

## MIKE MURPHY, Judge

On June 10, 2016, Kevin Spencer Owens, Sr., was convicted by a jury of three counts of delivery of methamphetamine and sentenced to twenty-three years' imprisonment. On appeal, he argues that the trial court erred by (1) granting the State's motions in limine precluding him from questioning the criminal informant about his prior convictions and sentences; (2) prohibiting him from eliciting testimony from four witnesses about his family and work history; and (3) allowing the State's rebuttal witness to testify. We find no error and affirm.

### I. *Background*

In November 2014, the Fort Smith police set up a controlled buy with Owens through a paid criminal informant. In exchange for $100, the criminal informant, who had a long criminal history, purchased an eighth of an ounce of methamphetamine from Owens

for $250. The police provided the money for the purchase to the informant, and he wore a wire during the transaction.

The criminal informant set up another controlled buy in January 2015. This time, the informant introduced Owens to an undercover police officer, David Stewart, who made the purchase. Stewart, while wearing a wire, purchased about half an ounce of meth for $750. For facilitating the delivery, Stewart let Owens keep 1/16 of an ounce of the meth.

Stewart set up a third controlled buy directly with Owens in February 2015 for another half ounce. Owens received 1/16 of an ounce of meth as payment for the delivery on that occasion, as well.

Owens was charged with three counts of delivery of methamphetamine. At trial, Owens argued the affirmative defense of entrapment, contending the police and the informant lured or baited Owens to commit the crime by preying on his addiction when they tempted him with meth in exchange for delivering the drugs.

## II. *Entrapment*

Entrapment occurs when a law-enforcement officer or any person acting in cooperation with a law-enforcement officer induces the commission of an offense by using persuasion or other means likely to cause a normally law-abiding person to commit the offense. Ark. Code Ann. § 5-2-209 (Repl. 2013). Conduct merely affording a defendant an opportunity to commit an offense does not constitute entrapment. *Id*. When proving the affirmative defense of entrapment, a defendant is allowed reasonable latitude in presenting whatever facts and circumstances he claims constitute an entrapment, subject to ordinary rules of admissibility. *E.g.*, *Young v. State*, 308 Ark. 647, 651, 826 S.W.2d 814, 816 (1992).

Evidence having any tendency to make the existence of entrapment more probable is admissible. *See, e.g.*, *id.*; Ark. R. Evid. 401.

### III. *Standard of Review*

Trial courts are afforded wide discretion in evidentiary rulings. *McCoy v. State*, 354 Ark. 322, 325, 123 S.W.3d 901, 903 (2003). Specifically, in issues relating to the admission of evidence under Arkansas Rule of Evidence 401, we have held that a trial court's ruling is entitled to great weight and will not be reversed absent an abuse of discretion. *Id.* Abuse of discretion is a high threshold that does not simply require error in the trial court's decision, but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Grant v. State*, 357 Ark. 91, 93, 161 S.W.3d 785, 786 (2004).

### IV. *Motions in Limine*

Prior to trial, the State filed two motions in limine seeking to prohibit Owens from attacking the credibility of the criminal informant through his convictions that were more than ten years old and from eliciting testimony about the sentences the informant received for those convictions. The trial court granted the motions, and Owens argues this was in error. Owens contends he was not seeking the testimony for impeachment purposes, but instead because the testimony was independently relevant to his entrapment defense under Arkansas Rule of Evidence 401.

Owens asserts the informant's criminal history and sentences were necessary to determine what the informant may have told Owens to establish he was not a snitch or a cop, thereby persuading or inducing Owens to commit the crime.

We disagree. It seems rather attenuated that an informant discussing his reputation should induce or persuade someone to commit a crime. To be fair, it might make a would-be criminal more likely to trust the informant, but this is not the same thing as inducing one to act through persuasion. *See* Ark. Code Ann. § 5-2-209 (Repl. 2013). Furthermore, Owens could not demonstrate any prejudice on this point, as the jury had already heard, through the criminal informant's own testimony during the State's case-in-chief, that he had an extensive criminal history. Because the testimony Owens sought to elicit was already in evidence, he could not demonstrate any prejudice on appeal, and court will not reverse an evidentiary ruling absent a showing of prejudice. *Sauerwin v. State*, 363 Ark. 324, 327, 214 S.W.3d 266, 269 (2005).

## V. *Exclusion of Witnesses*

At trial, the court sustained several of the State's relevancy objections to testimony regarding Owens's life history, including his marriage, job history, and interactions with his children. Owens argues this was relevant to establish that he was a normally law-abiding person, because the testimony would have established that, prior to 2005 when Owens became addicted to methamphetamine, he had a solid job, a good marriage, and a good relationship with his son.

In the context of this case, "relevant" means evidence that had any tendency to make the existence of entrapment any more or less probable. *See* Ark. R. Evid. 401. While evidence may be relevant even though it is somewhat remote in time from the occurrence of the crime, *see Hubbard v. State*, 306 Ark. 153, 812 S.W.2d 107 (1991), whether or not

Owens was a good person in 2005 does nothing to demonstrate if he was a normally law-abiding person ten years later when the crimes were committed.

The balancing of probative value against prejudice is a matter left to the sound discretion of the trial court, and the court did not abuse its discretion in finding the testimony too remote and therefore irrelevant in this instance.

## VI. *Rebuttal Witness*

"Deliver" or "delivery" requires actual, constructive, or attempted transfer of a controlled or counterfeit substance from one person to another in exchange for money or anything of value, Ark. Code Ann. § 5-64-101(6)(Repl. 2016), and the State had the burden to prove that occurred here.

It is within the trial court's discretion whether to admit rebuttal testimony, and the appellate court will not reverse this determination absent an abuse of that discretion. *Kincannon v. State*, 85 Ark. App. 297, 303, 151 S.W.3d 8, 12 (2004). Rebuttal evidence is evidence that is offered in reply to new matters, even if it overlaps the evidence presented in the State's case-in-chief, as long as the testimony is responsive to evidence presented by the defense. *Id.* The scope of a rebuttal witness's testimony is accorded wide latitude and will not be restricted merely because it could have been presented on direct examination. *Id.*

At trial, Owens consistently testified that he did not keep any of the money exchanged for the methamphetamine, and that he received only a fraction of the drugs as payment. The State called Paul Smith, the director of the Drug Task Force for Sebastian and Crawford Counties, to establish that the drugs Owens received for the transaction

constituted something of value. Owens objected, arguing that, because he never denied receiving the drugs as payment, the testimony was irrelevant and should have been excluded.

Owens reasons that the evidence of whether payment was received is not relevant under Rule 401 because "when the defense of entrapment is invoked, it is necessarily assumed that the act charged was committed," and "the only relevant issue in the case was whether or not entrapment had occurred." He cites *Young v. State*, 308 Ark. 647, 826 S.W.2d 814, but *Young* was abrogated in 2011 by *Smoak v. State*, 2011 Ark. 529, 385 S.W.3d 257, which concluded that a defendant could, in fact, assert the entrapment defense even if he denies one or more elements of the crime. Despite Owens's argument on appeal, the State was never relieved of its burden to prove that he facilitated the transaction in exchange for money or something of value beyond a reasonable doubt. Owens denied taking any money but did concede he received drugs as payment. The State put Smith on to testify that drugs constituted something of value as contemplated by the statute. This is appropriate rebuttal testimony, and the trial court was not remiss in allowing it.

Affirmed.

WHITEAKER and VAUGHT, JJ., agree.

*Danielson Law Firm, PLLC*, by: *Elizabeth "Betsy" Danielson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.