Daniel Lee BILLETT *v.* STATE of Arkansas

CR 94-107                                     877 S.W.2d 913

Supreme Court of Arkansas
Opinion delivered June 20, 1994

*William L. Howard*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

ROBERT H. DUDLEY, Justice. Daniel Lee Billett was convicted of first degree murder and sentenced to life imprisonment. His single assignment is that the trial court erred in ruling that he could not cross-examine the State's principal witness about having been pregnant and having had three abortions. The trial court's evidentiary ruling did not constitute an abuse of discretion, and we affirm the judgment of conviction.

We do not recite all of the facts proved at trial because appellant does not question the sufficiency of the evidence. The facts involving the argument made, viewed in the light most favorable to appellee, as we must do, are as follows. Appellant was living with the State's main witness at the time he committed the murder. Shortly after committing the murder, he told the witness how, when, and where he killed the victim. The police questioned the witness, but she maintained that she knew nothing about the murder. In February 1992, seven months after the murder, the witness returned home one morning, and appellant handcuffed her to the bed. He threatened to kill her because, at an earlier date while she was drinking, she had called him a murderer and he suspected she might tell someone. Later, after she persuaded him to let her go, she found a pistol and gloves belonging to

appellant and inferred that he planned to use them in killing her. She moved out and, because she was so afraid of appellant, went to extreme lengths to conceal her new residence. She testified that two weeks after he moved out appellant gave her a letter in which "he called me everything from a Jezebel to—but, you know, still I love you in it—I threw it away." She tried to get her belongings, but appellant had removed them from storage and claimed they had been stolen. In sum, it was clearly established that appellant and the witness ended their relationship acrimoniously. It was without question that the proof showed that the witness had reason to be biased in her testimony against appellant and had a motive to be untruthful.

In addition to the foregoing, appellant sought to show that the witness had three abortions, one being a result of her relationship with appellant, and that he had written a letter telling her she would "burn in hell" for having the abortions. The State moved *in limine* to exclude the evidence of the abortions. The trial court granted the motion and stated that neither the pregnancy nor the abortions were relevant to any issue in the case because they did not go to the credibility, believability, truthfulness, or veracity of the witness, *see* A.R.E. Rules 401 and 608; that abortion is not a crime, *see* A.R.E. Rule 609; and, in addition, even if relevant, the prejudicial impact would outweigh any probative value because of the controversial nature of abortion, *see* A.R.E. Rule 403.

On appeal, the Attorney General responds to appellant's assignment of error by contending that the point was not preserved because appellant did not make a proffer of the witness's testimony. *See* A.R.E. Rule 103(a)(2). However, a proffer is not necessary when the substance of the offer is apparent. *See* Rule 103(a)(2); *Henderson* v. *State*, 279 Ark. 435, 652 S.W.2d 16 (1983). Here, the prosecuting attorney filed a motion *in limine* to exclude examination of the witness about being pregnant and having three abortions. The testimony to be barred was set out by the prosecutor and clearly understood by the trial judge, who ruled that she could not be examined about the pregnancy and abortions. There was no question about the testimony. Since the substance of the testimony is clearly apparent, we reach the issue. A.R.E. Rule 103(a)(2).

■ Appellant contends that the ruling prevented him from exercising his right of confrontation. Certainly, an accused's right to cross-examine an adverse witness to determine bias cannot be minimized, as the "denial of cross-examination to show the possible bias or prejudice of a witness may constitute Constitutional error of the first magnitude as violating the Sixth Amendment right of confrontation." *Henderson*, 279 Ark. at 438, 652 S.W.2d at 18 (citing *Davis* v. *Alaska*, 415 U.S. 308 (1974)). The right of an accused to show the bias of a witness *does not* lie within the trial court's discretion. *See Klimas* v. *State*, 259 Ark. 301, 534 S.W.2d 202 (1976). It is generally permissible for an accused to show by cross-examination anything bearing on the bias of the testimony of a material witness. *See Simpson* v. *State*, 274 Ark. 188, 623 S.W.2d 200 (1981). However, once the main circumstances showing bias have been admitted, the trial judge *does* have the discretion to determine how far the examiner may delve into the details. *See Smith* v. *State*, 291 Ark. 163, 722 S.W.2d 853 (1987). When the evidence reaches this posture, the trial court may impose reasonable limits on cross-examination based upon concerns about harassment, prejudice, waste of time, unnecessary duplication of testimony, confusion of issues, or interrogation that is repetitive or only marginally relevant. *See Bowden* v. *State*, 310 Ark. 303, 783 S.W.2d 842 (1990). The trial court's discretion to limit these details will not be reversed absent a showing of abuse. *Smith*, 291 Ark. at 171, 722 S.W.2d at 858. This case reached the posture that appellant showed, without any real question, that the witness had reason to be biased or had a motive to give false testimony against him. The proof was clear that their relationship had become most acrimonious. Because the bias was already established, the trial court did not abuse its discretion in refusing to allow appellant's cross-examination of the witness about a pregnancy and abortions even if it were relevant.

■ Further, the abortions and the witness's alleged reaction to appellant's alleged statement of religious belief that her soul would be condemned as a result of having an abortion was, at most, marginally relevant and had very little, if any, probative value. The trial court conducted a balancing of probative value against unfair prejudice pursuant to Rule 403 of the Arkansas Rules of Evidence and concluded that any probative value was clearly outweighed by the danger of unfair prejudice. An appel-

late court will not reverse a trial court's weighing of probative value against unfair prejudice under Rule 403 unless there has been a manifest abuse of discretion. *Orsini* v. *Larry Moyer Trucking, Inc.*, 310 Ark. 179, 833 S.W.2d 366 (1992). The trial court did not manifestly abuse its discretion in this case.

The sentence in this case is life imprisonment. As a result, the record has been examined for any other rulings adverse to appellant that might constitute reversible error. *See* Ark. Sup. Ct. R. 4-3(h). No other adverse rulings constitute reversible error. The judgment of conviction is affirmed.

HAYS, J., concurs.