SLIP OPINION

Cite as 2015 Ark. 376

# SUPREME COURT OF ARKANSAS

No. CR–15–189

| | | |
|---|---|---|
| DEONTE EDISON | | **Opinion Delivered** October 22, 2015 |
| | APPELLANT | |
| | | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT [NO. 60CR-13-1295] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE LEON JOHNSON, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**PAUL E. DANIELSON, Associate Justice**

Appellant Deonte Edison appeals the sentencing order entered by the Pulaski County Circuit Court, reflecting his convictions and sentences for capital murder, attempted capital murder, and two counts of aggravated robbery. Each count was enhanced for employing a firearm, and Edison was sentenced to a total term of imprisonment of life without parole plus ten years.[1] On appeal, Edison asserts three points of error: that the circuit court erred in (1) prohibiting him from inquiring into a victim's potential civil lawsuit against him; (2) prohibiting him from cross-examining the victim concerning her medical records; and (3)

---

[1]Edison was sentenced to life imprisonment without parole for capital murder and twenty-five years' imprisonment on each of the remaining convictions, to be served concurrently. Edison's firearm enhancements, however, were to be served consecutively to his life sentence but concurrent to each other.

SLIP OPINION

allowing the State to introduce statements against him under the dying-declaration exception to the hearsay rule. We affirm Edison's convictions and sentences.

Because Edison does not challenge the sufficiency of the evidence against him, only a brief recitation of the facts is necessary. *See, e.g.*, *Fritts v. State*, 2013 Ark. 505, 431 S.W.3d 227. On February 28, 2013, a robbery took place at the Sbarro Restaurant in the food court of Little Rock's Park Plaza Mall. Christian Hayes, the manager, and DeShaunte Thomas, an employee, were closing up the store, when two men entered through the employee door located at the back of the store. Hayes was counting money and Thomas was mopping. Thomas immediately recognized Edison, also a Sbarro employee, and Tristan Bryant, when they entered. While Bryant stood near the employee door, Edison walked around the freezer that sat in the middle of the restaurant. Edison then brandished a gun, and he told Hayes, who had been counting money, to put the money in a bag.

Thomas, at that point, walked to the front of the restaurant, where she attempted to get some other food-court employees' attention to seek help, but Bryant had followed her and proceeded to tell her that they were going to let her go, but were going to kill Hayes. After Thomas walked back toward the employee entrance, however, Edison shot Hayes and then shot Thomas after she attempted to flee. Hayes died as a result of his injuries. Edison was subsequently arrested and charged with capital murder, attempted capital murder, two counts of aggravated robbery, and theft of property. After the State nolle-prossed the theft-of-property charge, Edison was convicted and sentenced as already set forth. He now appeals.

## I. *Civil-Lawsuit Testimony*

As his first point on appeal, Edison asserts that the circuit court erred in sustaining the State's objection to his questions posed to Thomas during his trial regarding her hiring of an attorney to pursue a civil suit against him and Sbarro.[2]  He contends that the colloquy he intended to engage in would have shown Thomas's bias against him and that he was prejudiced by the circuit court's ruling.  The State counters that the circuit court only limited Edison's cross-examination, on the State's objection, after Edison's defense counsel had elicited testimony from Thomas that she and her family had hired an attorney and that she was unsure if a lawsuit would be filed.  It avers that the circuit court did not err in doing so when Thomas had already answered his questions, defense counsel repeated the same question for a third time, and the line of questioning was irrelevant.

This court has stressed the importance of allowing wide latitude with respect to the admission of evidence relevant to the bias of the witness; by the same token, it has always given wide discretion to the circuit court in evidentiary rulings.  *See Jones v. State*, 336 Ark. 191, 984 S.W.2d 432 (1999).  Further, the scope of cross-examination, we have held, extends to matters of credibility.  *See Jones v. State*, 349 Ark. 331, 78 S.W.3d 104 (2002).  With respect to proof of bias, we have observed that it is "almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence

---

[2]While Edison's brief also cites to questions posed to Thomas at a pretrial hearing, those questions were not posed to her by Edison's counsel, but by counsel for his codefendant, Bryant.  We therefore limit our review to the questioning and objections made at Edison's trial.

SLIP OPINION

which might bear on the accuracy and truth of a witness's testimony." *Fowler v. State*, 339 Ark. 207, 219, 5 S.W.3d 10, 16–17 (1999) (quoting *United States v. Abel*, 469 U.S. 45, 52 (1984)).

In the instant case, Edison asserts that he was precluded from pursuing his line of questioning regarding Thomas's intentions to sue him civilly; however, our review of the record reveals that Edison was successful in placing his allegations of bias in front of the jury, as evidenced by the following colloquy:

| | |
|---|---|
| DEFENSE COUNSEL: | But you hired an attorney, correct, while you were in the hospital? |
| THOMAS: | Yes. |
| DEFENSE COUNSEL: | Did you hire an attorney or did your family? |
| THOMAS: | My family did. |
| DEFENSE COUNSEL: | Okay. But did you never talk to them about any of this, what happened? |
| THOMAS: | Talked to who? |
| DEFENSE COUNSEL: | Your family. |
| THOMAS: | Afterwards, yes. |
| DEFENSE COUNSEL: | When you are in the hospital? |
| THOMAS: | Yes. |
| DEFENSE COUNSEL: | And so, but you hired an attorney and – correct? |
| THOMAS: | Yes. |

. . . .

SLIP OPINION

DEFENSE COUNSEL: And was this attorney there – did you talk to [t]his attorney about what happened?

THOMAS: My sister did.

DEFENSE COUNSEL: Did you ever talk to this attorney?

THOMAS: Yes.

DEFENSE COUNSEL: About what happened?

THOMAS: Yes.

DEFENSE COUNSEL: And your attorney was there when the police came to talk to you?

THOMAS: Yes.

DEFENSE COUNSEL: And the – was your plan to file a lawsuit in this – in regard to this, what happened?

THOMAS: No, a lawsuit hasn't been filed.

DEFENSE COUNSEL: But is it – it is your plan to?

THOMAS: I don't know.

DEFENSE COUNSEL: Is that – was your plan –

[State's objection.]

Thomas clearly admitted that she had an attorney, who had been present when she was questioned by police, and stated that she did not know if she planned to file a civil suit. Merely because one is allowed wide latitude to inquire as to bias does not mean that one is permitted to do so without limit. To the contrary, once the main circumstances showing bias have been admitted, a circuit court does have the discretion to determine how far the

SLIP OPINION

examiner may delve into the details. *See Billett v. State*, 317 Ark. 346, 877 S.W.2d 913 (1994). When the evidence reaches this posture, the circuit court may impose reasonable limits on cross-examination based on concerns about harassment, prejudice, waste of time, unnecessary duplication of testimony, confusion of issues, or interrogation that is repetitive or only marginally relevant. *See Gilcrease v. State*, 2009 Ark. 298, 318 S.W.3d 70; *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997). The circuit court's discretion to limit these details will not be reversed absent a showing of abuse. *See Billett*, 317 Ark. 346, 877 S.W.2d 913.

In light of the fact that Edison had already put before the jury the possibility that Thomas might file a civil suit, we cannot say that Edison has made such a showing. It is not an abuse of discretion to interfere with or limit cross-examination of a witness when it appears the matter has been sufficiently developed and clearly presented to the jury. *See Birchett v. State*, 294 Ark. 176, 741 S.W.2d 267 (1987). Accordingly, the circuit court's ruling is affirmed.

## II. *State's Motion in Limine*

Edison next argues that the circuit court erred in granting the State's motion in limine foreclosing him from asking Thomas about a notation that had been found in her medical records. Edison claims that the notation, which purportedly referred to possible hypoxic brain injury, was relevant to her mental status at the time the robbery took place, at the time she gave her statements to police, and at the time she identified him from a photo lineup while she was in the hospital. The State responds that, because the information contained in the

SLIP OPINION

notation was not in evidence, it would have been improper for Edison to question Thomas about it.

Again, the circuit court is given wide discretion in evidentiary rulings, and we will not reverse unless the circuit court has abused its discretion. *See Fowler*, 339 Ark. 207, 5 S.W.3d 10. Nor will we reverse absent a showing of prejudice, as prejudice is not presumed. *See McEwing v. State*, 366 Ark. 456, 237 S.W.3d 43 (2006). In the instant case, Edison contends that he was prevented from challenging Thomas's credibility when the circuit court prohibited him from asking Thomas about a notation in her medical records, which he submits would have called into question her mental status when she identified him in a photo lineup viewed from her hospital bed and when she gave her statements to police. Edison neglected, however, to proffer any testimony by Thomas to the circuit court.

When challenging the exclusion of evidence, a party must make a proffer of the excluded evidence at trial so that this court can review the decision, unless the substance of the evidence is apparent from the context. *See Riley v. State*, 2012 Ark. 462. While we know from the record that Edison wanted to ask Thomas about whether she suffered brain hypoxia after the shooting, there is simply nothing in the record from which we can determine what Thomas's response would have been. Moreover, we have no way of knowing if Thomas even knew that the notation in her medical records existed. Absent such, we have no way of knowing whether Edison sustained prejudice, and we would only be speculating if we were to presume prejudice and reverse on this basis. *See McEwing*, 366 Ark. 456, 237 S.W.3d 43; *Leaks v. State*, 339 Ark. 348, 5 S.W.3d 448 (1999). The failure to proffer evidence so that the

SLIP OPINION

appellate court can make a determination on prejudice precludes review of the issue on appeal. *See Roe v. State*, 310 Ark. 490, 837 S.W.2d 474 (1992). The issue is not preserved for our review.

### III. *Exception to Hearsay*

For his final point on appeal, Edison argues that the circuit court erred in overruling his hearsay exception on the grounds that the testimony was admissible under the dying-declarations exception. He contends that because Thomas's testimony did not demonstrate her belief that she was dying or was going to die following the robbery and shooting, any statement she made to Little Rock Police Officer James Anderson when he asked her who had shot her was inadmissible hearsay. For this reason, he asserts, the circuit court's admission of the testimony was prejudicial and requires that this court reverse his convictions and sentences and remand to the circuit court. The State responds that, although it mistakenly relied on the dying-declaration exception before the circuit court, the challenged testimony was admissible under other exceptions to the hearsay rule.

Edison urges that the circuit court committed reversible error when it allowed Officer Anderson's testimony under the dying-declaration exception to the hearsay rule in Arkansas Rule of Evidence 804 (2015). We need not address the merits of Edison's argument relating to Officer Anderson's testimony, however, "because we have said on numerous occasions that when hearsay is erroneously admitted, we will not reverse if it is cumulative of other evidence admitted without objection." *Dougan v. State*, 330 Ark. 827, 832, 957 S.W.2d 182, 185 (1997); *see also Weber v. State*, 326 Ark. 564, 933 S.W.2d 370 (1996).

Here, Officer Anderson, on direct examination by the State and over Edison's objection, did testify that after arriving at Sbarro, he asked Thomas if she knew who had shot her. He stated that Thomas had responded that she did know the person, that he worked at Sbarro, and that his name was Deonte. But, Thomas herself also testified to the same without any objection by Edison. During her testimony, she stated that she knew Edison when she saw him, there was no mistake about that, and she was 100 percent sure of that fact. She testified that Edison worked at Sbarro with her, and that she was able to tell the police officer who had come to Sbarro that Edison had shot her. She was further able to identify Edison in court for the record.

Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be prejudicial. *See Wedgeworth v. State*, 2012 Ark. 63. This court will not reverse an evidentiary decision by the circuit court in the absence of prejudice. *See id.* Even if the circuit court erred in admitting the testimony of Officer Anderson, that testimony was cumulative and any error would have been harmless. Accordingly, we affirm the circuit court's ruling.

Pursuant to Arkansas Supreme Court Rule 4–3(i) (2015), the record has been reviewed for all objections, motions, and requests that were decided adversely to Edison, and no prejudicial error has been found.

Affirmed.

*Montgomery, Adams & Wyatt, PLC*, by: *Dale E. Adams*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kristen C. Green*, Ass't Att'y Gen., for appellee.