
# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-16-863

|  |  |
|---|---|
| | **Opinion Delivered** May 3, 2017 |
| MAURICE G. HOPKINS | APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 35CR-14-105] |
| V. | |
| STATE OF ARKANSAS | HONORABLE BERLIN C. JONES, JUDGE |
| APPELLEE | REVERSED AND REMANDED |

## DAVID M. GLOVER, Judge

Maurice Hopkins was tried by a jury, found guilty of the offense of sexual assault in the second-degree, and sentenced to 150 months in the Arkansas Department of Correction. In his appeal, he raises two major points, with several subpoints: 1) the trial court erred in denying his introduction of the following evidence to demonstrate his accuser's bias, motive, interest, and credibility—(a) her alleged association with the Crips gang, (b) her failure to cooperate with the prosecutor, and (c) her consultation with an attorney concerning a possible civil suit; and 2) the trial court erroneously restricted Hopkins's testimony in his own defense. Finding error with the trial court's exclusion of all evidence regarding the alleged victim's (E.A.) consultation with an attorney concerning a possible civil action, we reverse and remand for a new trial.

The sufficiency of the evidence is not challenged, so we recount the facts as they pertain to the issues raised in this appeal and for overall context. Maurice Hopkins was a

police officer with the Pine Bluff Police Department. He responded to a domestic-disturbance call at an apartment complex on February 23, 2014. The domestic disturbance was between Josephine Roberson and Emanuel Foster, and it has nothing to do with the instant case other than to provide background for the events that followed.

E.A. lived in a different building than Josephine and Emanuel but within the same apartment complex. She testified that she knew Emanuel, and although she did not witness the dispute between Josephine and him, she approached the responding police officers to let them know Emanuel had issues that she believed were causing him to "act out." She recounted that Officer Hopkins asked her to get Emanuel some water, which she did, and that she later contacted Emanuel's mother, who came to the apartments in an effort to calm him down.

Josephine testified that Officer Hopkins returned to her apartment approximately twenty minutes after Emanuel had been taken into police custody; that Hopkins asked her where E.A. lived because he needed to get a statement from her; and that she pointed out where E.A. lived and watched him go in that direction.

For purposes of this opinion, it is sufficient to say E.A. and Hopkins both testified at the trial and their accounts of what happened in E.A.'s apartment differ dramatically, with E.A. describing a sexual assault and Hopkins testifying about a consensual sexual encounter.

*Standard of Review*

All of the points raised by Hopkins involve evidentiary rulings by the trial court. Our standard of review for evidentiary rulings is that a trial court has broad discretion, and we will not reverse an evidentiary ruling absent an abuse of discretion. *Alley v. State*, 2015

Ark. App. 31. Abuse of discretion is a high threshold that does not simply require error in the trial court's decision but requires that the trial court act improvidently, thoughtlessly, or without due consideration. *Owens v. State*, 2017 Ark. App. 109, ____ S.W.3d ____. In addition, we will not reverse absent a showing of prejudice, as prejudice is not presumed. *Edison v. State*, 2015 Ark. 376, 472 S.W.3d 474.

*Discussion*

As one of his arguments for reversal, Hopkins contends the trial court erred in prohibiting him from introducing evidence that E.A. consulted with an attorney about a possible civil suit against the City of Pine Bluff. It is with this issue that we find merit.

The State filed a motion in limine prior to the trial of this matter, seeking to preclude any cross-examination of E.A. regarding whether she had sought legal advice for a civil action and intended to pursue one. At the hearing on the motion, the State recognized that case law allows a witness in a criminal case to be cross-examined for bias when that witness has filed a civil complaint, but distinguished the situation here from those cases by noting that E.A. "has not filed any civil action in this matter." The State explained the nature of her consultation related to her right to privacy because her name had been disclosed initially in the newspaper concerning this matter and that discussion with counsel then ensued about the possibility of a civil suit. The State argued that the mere contemplation of a civil suit should not serve as a basis for bias cross-examination. The trial court granted the State's motion.

We begin this discussion by noting that Hopkins did not make a formal proffer of the excluded evidence; however, we are able to address this evidentiary issue because the

3

substance of the evidence is apparent from the context. *See Pryor v. State*, 71 Ark. App. 87, 27 S.W.3d 440 (2000). We have wrestled with this issue because it is undisputed E.A. consulted with an attorney and that, among other issues, the possibility of a civil action was discussed. Hopkins primarily relies upon *Wilson v. State*, 289 Ark. 141, 712 S.W.2d 654 (1986), in asserting trial error. In *Wilson*, our supreme court held that the trial court erred in granting the State's request for a mistrial when defense counsel asked a prosecuting witness about a civil suit the witness had filed arising out of the alleged battery that was the subject of the criminal case and "implied by one of his questions that, had appellant paid the prosecuting witness $18,000, the criminal charges would have been dismissed." *Id.* at 142, 712 S.W.2d at 654. In finding error, our supreme court stated, "This court has always held that pecuniary interest, personal affection or hostility, a quarrel or prejudice may always be shown to discredit a witness." *Wilson*, 289 Ark. at 145, 712 S.W.2d at 655. It is possible to distinguish *Wilson* from the instant case because, in *Wilson*, the witness had not only consulted an attorney, he had also retained one and filed suit against the defendant. Here, E.A. had merely consulted with an attorney about several issues, including a possible civil suit, but she had not filed one.

In *Edison v. State*, 2015 Ark. 376, at 5, 472 S.W.3d 474, 477, the witness "clearly admitted that she had an attorney, who had been present when she was questioned by police, and *stated that she did not know if she planned to file a civil suit*." (Emphasis added.) However, the witness had already testified about these things before the State raised an objection. The issue before our supreme court in *Edison*, therefore, does not directly address the issue presented here. That is, the *Edison* decision is limited to whether the trial court erred in

4

SLIP OPINION

refusing to allow the defendant to delve into *further* details in cross-examining the witness because evidence she had consulted with an attorney about the possibility of filing a civil action was already before the jury. Our supreme court affirmed the trial court's ruling, explaining

> Thomas clearly admitted that she had an attorney, who had been present when she was questioned by police, and stated that she did not know if she planned to file a civil suit. Merely because one is allowed wide latitude to inquire as to bias does not mean that one is permitted to do so without limit. To the contrary, once the main circumstances showing bias have been admitted, a circuit court does have the discretion to determine how far the examiner may delve into the details. *See Billett v. State*, 317 Ark. 346, 877 S.W.2d 913 (1994). When the evidence reaches this posture, the circuit court may impose reasonable limits on cross-examination based on concerns about harassment, prejudice, waste of time, unnecessary duplication of testimony, confusion of issues, or interrogation that is repetitive or only marginally relevant. *See Gilcrease v. State*, 2009 Ark. 298, 318 S.W.3d 70; *Newman v. State*, 327 Ark. 339, 939 S.W.2d 811 (1997). The circuit court's discretion to limit these details will not be reversed absent a showing of abuse. *See Billett*, 317 Ark. 346, 877 S.W.2d 913.

*Edison*, 2015 Ark. 376, at 5–6, 472 S.W.3d at 477.

While *Wilson* and *Edison* can be distinguished from the situation presented here, we have concluded that the distinctions would be superficial, and they would undercut the basic premise explained in *Wilson*, that "pecuniary interest . . . may always be shown to discredit a witness." 289 Ark. at 145, 712 S.W.2d at 655. It is without question that if E.A. should decide to pursue a civil action based on the events described in the instant case, a pecuniary interest would be involved, and it is undisputed that she sought counsel about the possibility of pursuing such an action. Yet, Hopkins was not allowed to inform the jury of that fact. We conclude the trial court abused its discretion in excluding this information. Witness credibility is a linchpin in cases such as this where the jury is essentially confronted with a swearing match. The case turns entirely on whom the jury believes. The severity of

the charges and the diametrically opposed accounts make witness credibility a critical ingredient. Consequently, we cannot say the error was harmless. We therefore reverse and remand for a new trial.

Because we are reverse and remand this case for a new trial, it is unnecessary to address the remaining issues raised by Hopkins.

Reversed and remanded.

VIRDEN and HARRISON, JJ., agree.

*Jeff Rosenzweig*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Ashley Priest*, Ass't Att'y Gen., for appellee.