N. MARK KLAPPENBACH, Judge
Appellant Jeremy Louis Huskey was tried before a Drew County Circuit Court jury and convicted of aggravated residential burglary and manslaughter. Appellant was sentenced to an effective prison term of fifty-five years plus a $ 10,000 fine. On appeal, appellant challenges (1) the sufficiency of the evidence to support that he was the person who committed these crimes; (2) the admission of the deceased victim's statement under the excited-utterance exception to the rule against hearsay; (3) the admission of that statement in violation of appellant's right to confront the witness against him; and (4) the admission of a prior bad act under Rule 404(b). We affirm.
We first consider the sufficiency-of-the-evidence argument. The victim, sixty-seven-year-old George Flowers, was in his residence when someone broke in and beat him severely. George later died from the blunt-force trauma to his head. Appellant challenges whether the State presented sufficient evidence to identify him as the perpetrator.
The standard of appellate review is well settled. The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. Estrada v. State , 2011 Ark. 3, 376 S.W.3d 395. Substantial evidence is evidence forceful enough to reach a conclusion one way or the other beyond suspicion or conjecture. Smith v. State , 352 Ark. 92, 98 S.W.3d 433 (2003). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State, and only evidence supporting the verdict will be considered. Moore v. State , 355 Ark. 657, 144 S.W.3d 260 (2004). We examine all the evidence including evidence allegedly admitted erroneously. Barron-Gonzalez v. State , 2013 Ark. App. 120, 426 S.W.3d 508. The jury has the sole authority to evaluate the credibility of evidence and to apportion the weight to be given to the evidence. Starling v. State , 2016 Ark. 20, 480 S.W.3d 158.
The evidence in this case is reviewed in the light most favorable to the State. Christy Johnson had allowed George to live with her for about a year, but she wanted him to move. Christy's brother John Etheridge lived in a house about seventy-five yards away from Christy's house. Christy moved to John's house while she waited for George to find somewhere else to live. Christy was dating thirty-eight-year-old appellant, and John had *537 seen appellant drive a small blue car when he came over to visit Christy. John had heard Christy complaining about George to appellant, who told Christy that "if you want him out, I'll get him out." John remembered that appellant had gone over to confront George, during which encounter appellant "b* *ch slapped" George.
About two weeks later, at around 10:30 at night, John saw the same car being driven up the driveway and stopping at Christy's house; the car departed less than ten minutes later. John and his son went outside and saw George on the ground between the two houses; they helped him up and to John's house, where John's mother tended to George's bloody wounds. George had a deep cut on his left elbow; his nose was cut and appeared nearly torn off; he had a head injury behind his left that looked like he had been hit with a tire tool; his bottom lip appeared to be fileted; his hands were torn up. George was upset and crying, and John asked George what happened.
George told John that appellant had come to the door, stormed inside, hit him in the face, knocked him against the entertainment center, caused him to fall on the floor, and kicked him repeatedly. George knew it was appellant because, although his attacker had a shirt wrapped around his face, he recognized appellant's voice; appellant had told George to "get the f* *k out of Christy's house." John called 911 and reported that appellant had beaten up George. Law enforcement officers responded to the call and took pictures of George's injuries, but George refused medical treatment. A sheriff's deputy affirmed that George told him who had assaulted him. A few days later, George's condition deteriorated, he was hospitalized, and he ultimately died. An autopsy revealed all the injuries to George's thin body and the damage to his head. His death was ruled a homicide because he died as a result of blunt-force head trauma.
Christy admitted that she had initially lied to the police, telling them that she and appellant had been at his aunt's house, but in truth, appellant had gone to see George to convince him to move out. Appellant, who had been drinking, came back about fifteen minutes later and told Christy that George "would leave now." She said that appellant wanted to get rid of George so he could move in with Christy. Christy later asked appellant why he had done that to George, and appellant replied, "You wanted him out of your house." Christy said that she initially lied because appellant told her to, and she was afraid of him.
Appellant challenges the State's proof by arguing that there were no witnesses to the attack, there was no DNA to connect him to the attack, and the victim identified appellant only by his voice and not by his face. This argument is unpersuasive. The victim positively identified appellant as the man who had severely beat him, and appellant admitted to Christy that he had attacked George to get him to move. We consider only the evidence that supports the verdict, and credibility findings are for the jury to make. We hold that there is substantial evidence to support the jury's finding that appellant was guilty of aggravated residential burglary and manslaughter.
The remaining three points on appeal challenge the admission of certain testimony. On appellate review of evidentiary rulings, we recognize that a circuit court has broad discretion, and we will not reverse an evidentiary ruling absent an abuse of discretion. Hopkins v. State , 2017 Ark. App. 273, 522 S.W.3d 142. Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or *538 without due consideration. Owens v. State , 2017 Ark. App. 109, 515 S.W.3d 625. In addition, we will not reverse absent a showing of prejudice, as prejudice is not presumed. Edison v. State , 2015 Ark. 376, 472 S.W.3d 474.
Appellant first challenges the circuit court's finding that George's statement to John identifying appellant as the perpetrator fell within the excited-utterance exception to the rule against hearsay. Arkansas Rule of Evidence 803(2) provides that an "excited utterance" is a statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition. Factors to consider are the lapse of time, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement. Wright v. State , 368 Ark. 629, 249 S.W.3d 133 (2007). For the exception to apply, there must be an event that excites the declarant. Id. It must appear that the declarant's condition at the time was such that the statement was spontaneous, excited, or impulsive rather than the product of reflection and deliberation. Id. The statements must be uttered during the period of excitement and must express the declarant's reaction to the event. Id. It is for the circuit court to determine whether the statement was made under the stress of excitement. Id. The thrust of appellant's argument is that George's statement was not spontaneous, excited, or impulsive but was rather an answer to John's direct question. Appellant has not demonstrated an abuse of the circuit court's discretion.
Minutes after George, a sixty-seven-year-old man, had been severely beaten, he was upset and crying, lying on the ground, bleeding, trying to reach his neighbor's house. George required physical assistance to get up and move. When asked what happened, George immediately reported what appellant had done to him and why he knew it was appellant. Whether a declarant makes statements in response to questions is not dispositive of whether they are the product of the exciting event. Bates v. State , 2017 Ark. App. 123, 516 S.W.3d 275. The relevant inquiry is whether the statement was made under the stress of excitement or was made after the declarant had calmed down and had an opportunity to reflect, which is a matter within the circuit court's sound discretion. Id. Admissibility is not to be measured by any precise number of minutes, hours, or days but requires that the declarant is still under the stress and excitement caused by the event. Id. We hold that George's statement identifying appellant as his attacker is precisely the kind of excited utterance contemplated by Rule 803(2). The circuit court, therefore, did not abuse its discretion on this evidentiary ruling.
Appellant next contends that the circuit court abused its discretion in permitting George's statements to John to be relayed to the jury because he was deprived of his constitutional right to confront this witness against him. Appellant fails to persuade. The circuit court did not address the confrontation-clause argument, and defense counsel did not request a ruling on that aspect of his argument. Because appellant failed to obtain a ruling on this argument, it is not preserved for appellate review. See Bertrand v. State , 363 Ark. 422, 214 S.W.3d 822 (2005). Even if the confrontation clause had been violated in this instance, which we do not decide, any such alleged error would be harmless beyond a reasonable doubt because George's statements were cumulative to other testimony and evidence before this jury. Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be prejudicial.
*539 Edison v. State , 2015 Ark. 376, 472 S.W.3d 474. Christy testified to appellant's admission that he had attacked George; the photographs and autopsy report substantiated the severity of George's extensive injuries; a deputy also confirmed that George identified appellant as his attacker. Thus, George's statements were merely cumulative and cannot support reversal.
Lastly, appellant contends that the circuit court abused its discretion in permitting John to testify about appellant "b* *ch slapp[ing]" George a couple of weeks prior to the attack. He asserts that this testimony was impermissible under Arkansas Rule of Evidence 404(b). This rule provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but it may admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. Alternatively, he argues that pursuant to Rule 403, any probative value of the testimony was substantially outweighed by the danger of unfair prejudice or confusion of the issues. In sum, appellant argues that the slapping incident was too dissimilar to the subsequent attack to be relevant here and was used only to portray appellant as a bad person, resulting in unfair prejudice. Appellant has not demonstrated an abuse of discretion.
Any evidence that is relevant to explain the act, show a motive, or illustrate the accused's state of mind may be independently relevant and admissible. Lard v. State , 2014 Ark. 1, 431 S.W.3d 249. The theory of this case was that appellant wanted to move in with Christy and that he took extreme measures to get George to move out. The State alleged that appellant first intimidated and slapped George, and when that did not work, appellant more viciously attacked George. Appellant's defense rested on his assertion that the State could not prove that he was the person who attacked George. This testimony about slapping George was relevant and probative to support the State's evidence that appellant had the motive to commit the crimes and that he was, in fact, the perpetrator. The circuit court did not abuse its wide discretion in finding this to be admissible and finding its probative value not to be outweighed by unfair prejudice. See Turner v. State , 2018 Ark. App. 5, 538 S.W.3d 227.
Affirmed.
Harrison and Glover, JJ., agree.