Cite as 2026 Ark. App. 184

# ARKANSAS COURT OF APPEALS
## DIVISION III
### No. CR-25-333

| | |
|---|---|
| MULAZIM MUHAMMAD<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | Opinion Delivered March 18, 2026<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTH DIVISION<br>[NO. 60CR-20-3493]<br><br>HONORABLE MELANIE MARTIN, JUDGE<br><br>AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

A Pulaski County jury convicted Mulazim Muhammad of third-degree battery and leaving the scene of an accident involving an injury. For third-degree battery, he was sentenced to one year in county jail and fined $2,500. For leaving the scene of an accident, he was sentenced to three years' imprisonment and fined $2,500. Muhammad appeals his convictions and argues that the circuit court erred by denying his directed-verdict motions and his motion to strike.

On March 2, 2022, the State filed a second amended criminal information against Muhammad alleging that he committed the offenses of first-degree battery and leaving the scene of an accident with injury or death. The case proceeded to a jury trial on February 11, 2025.

At trial, Teresa Brown testified that she had been in a romantic relationship with Muhammad and that on August 19, 2020, she and Muhammad sat in his truck outside her home. She stated that she told Muhammad that she wanted to end their relationship and that their conversation "went downhill." She explained that Muhammad "blew smoke" in her face, and in response, she threw a drink at him and exited the truck.

Brown explained, "I get out of the vehicle and I go to shut the door and realize that I left my house keys in the vehicle, so I pulled the door open and I reached for my keys and then he just took off in the truck." She later noted that he "[s]ped off" in the truck.

Brown testified that the truck's back door hit her and a tire ran over her foot. The State asked, "And what happened after the truck door—or I guess the door frame struck you? Did you stay on your feet? Did you fall to the ground? What happened?" She replied, "It knocked me all the way to the ground. And it was actually—I was on the curb . . . and I screamed."

Brown stated that she repeatedly called Muhammad and that he eventually picked up on the eighth try. She testified that she told him that he hit her with the truck and that she needed to go to the emergency room. She stated that Muhammad hung up on her and did not return. Brown explained that she went to the hospital and had twenty-five staples in her foot. She further stated that doctors attempted a skin graft, but the graft was unsuccessful.

During cross-examination, Brown acknowledged that on the day of the accident, she did not report to police that she turned back to the truck to retrieve her keys. She testified that she informed the police that she exited the vehicle and Muhammad drove away.

During the State's redirect, the following colloquy took place between the prosecutor and Brown:

Q  I also want to talk again about where—what part—there's been some confusion here about what part of the truck hit you first. We're not talking about—I'm not talking about when the tire ran over your foot, but, like, when the vehicle, the part of the vehicle that actually struck you, what part of the vehicle was that?

A  The back door.

Q  Back door? Okay. Are we talking, like, where the handle is or up, like where it's connected to the frame?

A  Where it's connected to the frame. Not where the handle is.

Q  So you're talking the door frame is what hit you?

A  Okay.

Muhammad's counsel objected and argued that the State was leading Brown and "implying the answer." He also moved to strike "because it's him answering a question for her to answer." The court sustained the objection and advised the State not to lead the witness, but it refused to strike Brown's testimony.

After the State rested its case, Muhammad moved for a directed verdict on first-degree battery and the lesser-included offense of third-degree battery. For third-degree battery, he argued that the State presented insufficient evidence that he acted recklessly and tried to run over Brown. He also moved for a directed verdict on the charge of leaving the scene of the accident, and he argued that because Brown called him and informed him that he hit her, the evidence showed that he had no prior knowledge of the accident. He acknowledged that

the offense did not have a mens rea requirement, but he argued that a person has "to have knowledge . . . before you have some duty." The court denied the motions.

The jury found Muhammad guilty of third-degree battery and leaving the scene of an accident involving an injury. For third-degree battery, he was sentenced to one year in the county jail and fined $2,500. For leaving the scene of an accident, he was sentenced to three years' imprisonment and fined $2,500. This appeal followed.

On appeal, Muhammad argues that the circuit court erred by denying his motions for directed verdict for third-degree battery and for leaving the scene of an accident with an injury. A directed-verdict motion is a challenge to the sufficiency of the evidence. *LeFever v. State*, 91 Ark. App. 86, 208 S.W.3d 812 (2005). When the sufficiency of the evidence is challenged, this court considers only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *Id.* The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another. *Id.* The credibility of the witnesses is an issue for the jury and not this court. *Collins v. State*, 2021 Ark. 35, 617 S.W.3d 701. A jury is not required to believe all or any part of a witness's statement and is entitled to draw upon common sense and experience in reaching its verdict. *Id.*

Regarding the third-degree-battery conviction, Muhammad asserts that the evidence is insufficient to show that he recklessly caused Brown's injuries. He claims that Brown's testimony was inconsistent and contradictory concerning when he drove away and which

4

part of the truck struck Brown. He further points out that Brown had to call him after the accident to inform him that he had hit her with the truck. He thus claims the evidence showed that he was unaware that he had struck Brown.

A person commits third-degree battery if the person recklessly causes physical injury to another person. Ark. Code Ann. § 5-13-203(a)(2) (Repl. 2024). A person acts recklessly with respect to attendant circumstances or a result of his conduct when the person consciously disregards a substantial and unjustifiable risk that attendant circumstances exist or the result will occur. Ark. Code Ann. § 5-2-202(3)(A) (Repl. 2024). The supreme court has repeatedly stated that intent is rarely proved by direct evidence and usually must be inferred from the circumstances. *Rollins v. State*, 2009 Ark. 484, 347 S.W.3d 20.

In this case, viewing the evidence in the light most favorable to the State, we hold that substantial evidence supports Muhammad's conviction for third-degree battery. Brown testified that after her disagreement with Muhammad, she exited his truck, and he hit her with the vehicle as he sped away. It was for the jury, not this court, to determine credibility and to resolve inconsistencies in Brown's testimony. *See Collins*, 2021 Ark. 35, 617 S.W.3d 701. Accordingly, we hold that the circuit court did not err in denying Muhammad's directed-verdict motion for third-degree battery.

As to the conviction of leaving the scene of an accident, Muhammad asserts the evidence is insufficient to show that he knew the accident had occurred. He relies on Brown's testimony that she had to call him to notify him of the accident.

Arkansas Code Annotated section 27-53-101 (Repl. 2022) provides:

(b)(1) The driver of a vehicle involved in an accident resulting in physical injury or serious physical injury to or death of any person shall immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident, but shall then immediately return to and remain at the scene of the accident until he or she has fulfilled the requirements of **§** 27-53-103.

. . . .

(c) If a person fails to comply with subsection (b) of this section or with **§** 27-53-103 and the accident results in physical injury to another person, he or she upon conviction is guilty of a Class D felony.

In *Stivers v. State*, 354 Ark. 140, 118 S.W.3d 558 (2003), the supreme court concluded that the statute's mandatory language is a clear indication that the accident-causing driver's mental state is irrelevant.

Accordingly, in this case, the State was not required to prove Muhammad's mental state. Even so, Brown testified that after she told Muhammad about the accident on the phone, he ended the call and did not return. Accordingly, we hold that the circuit court did not err in denying Muhammad's direct-verdict motion.

Muhammad also argues that the circuit court erred by denying his motion to strike Brown's testimony following the prosecutor's leading question during redirect. He argues that the prosecutor supplied a critical fact—that the truck's doorframe hit Brown—to Brown's testimony.

The decision to admit or exclude evidence is within the sound discretion of the circuit court, and we will not reverse that decision absent a manifest abuse of discretion. *Reid v.*

6

*State*, 2019 Ark. 363, 588 S.W.3d 725. Further, will not reverse unless Muhammad demonstrates that the ruling prejudiced him. *Id.*

In this case, during the State's direct examination of Brown, the prosecutor asked Brown about the doorframe hitting her. Evidence that is merely cumulative or repetitious of other evidence admitted without objection cannot be prejudicial. *Eliott v. State*, 342 Ark. 237, 242, 27 S.W.3d 432, 436 (2000). Accordingly, we find no abuse of discretion by the circuit court.

We therefore affirm Muhammad's convictions.

Affirmed.

HIXSON and MURPHY, JJ., agree.

*Warden Law Firm*, by: *Harry Warden*; and *Ludwig Law Firm, PLC*, by: *Kale Ludwig*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Dalton Cook*, Ass't Att'y Gen., for appellee.