Cite as 2026 Ark. App. 232

# ARKANSAS COURT OF APPEALS
DIVISION I
No. CR-25-238

| | | |
|---|---|---|
| ERIC STEVENS | | Opinion Delivered April 15, 2026 |
| | APPELLANT | |
| | | APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. 02CR-23-198] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE ROBERT B. GIBSON III, |
| | APPELLEE | JUDGE |
| | | AFFIRMED |

## ROBERT J. GLADWIN, Judge

An Ashley County jury convicted Eric Stevens of second-degree sexual assault. On appeal, he argues that the circuit court (1) erred in denying his motion for directed verdict and (2) abused its discretion by excluding certain impeachment evidence—specifically, testimony about an alleged previous false statement that the minor victim (MC) had made against him. We affirm.

### I. *Facts and Procedural History*

On October 10, 2023, at approximately 6:30 a.m., Officer Josh Pollock of the Ashley County Sheriff's Office responded to a call from then seventeen-year-old MC claiming that she had been raped. According to the probable-cause affidavit, MC told Officer Pollock that she had been asleep in her room the previous night and was awakened by the realization that Stevens, who was her uncle's forty-five-year-old friend, was lying behind her and had inserted

his penis into her vagina. MC stated that this scared her and that when Stevens realized she was awake, he jumped up and ran out of the room. MC explained that she then ran next door to her cousin's house where her cousin texted an Ashley County patrolman who notified Officer Pollock.

The State charged Stevens with one count of rape in violation of Arkansas Code Annotated section 5-14-103 (Supp. 2023). Before trial, the State moved to exclude evidence that MC previously had made false statements against Stevens. Specifically, during his custodial interview, Stevens alleged that MC, when she was investigated for possession of a marijuana gummy at school, told the authorities that he supplied her the drugs. The State argued that the evidence should be excluded under Arkansas Rule of Evidence 403. Specifically, the State claimed that the evidence had minimal probative value, noting that the only evidence of the claim was Stevens's own testimony and that the investigator on MC's case had found no record of MC making the allegation. The State further argued that the evidence was unfairly prejudicial because it would reveal that MC was on juvenile probation for a misdemeanor, a fact that would otherwise be inadmissible. Stevens countered that he had the right to cross-examine MC about the incident because it went to her credibility as a witness and her propensity for truthfulness. The circuit court granted the State's motion and excluded the evidence, finding that its prejudicial effect outweighed its probative value and that the evidence was not proper for impeachment.

A jury trial was held on January 16, 2025. MC testified that on the evening of October 10, 2023, she was asleep in her bed when she was suddenly awakened by the feeling of a man

2

lying in the bed behind her, inserting his penis into her vagina. Her underwear and shorts had been pulled down around her knees, and she could feel his penis "inside of" her. MC specifically noted that she was asleep when the man first penetrated her vagina. She testified that she was afraid, unable to move, unable to breathe, unable to do anything but lie there helplessly and pretend to be asleep. She testified that eventually she recovered enough to move, and when the man realized that she was awake, he exclaimed, "Oh, s**t," and fled the bedroom. MC stated that as the man opened the door, light flooded into the dark bedroom, and she was able to see his face clearly, identifying him as her uncle's friend, Stevens, who had been staying overnight with her family.

MC further testified that after waiting several minutes to ensure that Stevens had left, she pulled her clothes back on, rushed out of the house, and ran through the backyard to her cousin's house. After MC told her cousin what happened, her cousin sent a text message to a friend who worked at the sheriff's office. Law enforcement officers arrived the next morning to take MC's statement and to collect her clothing, underwear, and bedding.

MC was taken to Child Advocacy Center in El Dorado. She was examined by a sexual assault nurse examiner, and a rape kit was collected. Along with other items, the underwear MC was wearing on the night of the assault and the rape kit were sent to the Arkansas State Crime Laboratory for testing. Male DNA was found on the internal vaginal swab contained in MC's rape kit, but the DNA was insufficient for comparison. The lab further found sperm cells and Stevens's DNA on MC's underwear.

The State played a portion of the recording of Stevens's custodial statement for the jury. On the recording, Stevens admitted being in MC's bedroom on the night of the assault, but he denied having sex with MC.

After the State rested, Stevens moved for a directed verdict. He specifically argued that the State had failed to demonstrate a prima facie case that MC was physically helpless or that sexual intercourse or deviate sexual activity had occurred. As to the physically helpless element, Stevens noted that "the evidence showed that she was asleep, woke up, and . . . [r]ealized that she was being sexually assaulted." But he argued that being "asleep . . . is not the same thing as being unconscious." The circuit court denied Stevens's motion for directed verdict as well as his renewed motion at the close of the evidence.

Stevens was subsequently found guilty of the lesser-included offense of second-degree sexual assault and sentenced to twenty years in the Arkansas Division of Correction pursuant to a sentencing order filed on January 28, 2025. He filed a timely notice of appeal on February 18, and this appeal followed.

II. *Discussion*

A. Sufficiency of the Evidence

A motion for directed verdict is treated as a challenge to the sufficiency of the evidence. *Muhammad v. State*, 2026 Ark. App. 184, ___ S.W.3d ___. When the sufficiency of the evidence is challenged, this court considers only the evidence that supports the verdict, viewing the evidence in the light most favorable to the State. *Id.* The test is whether there is substantial evidence to support the verdict, which is evidence that is of sufficient force and

4

character that it will, with reasonable certainty, compel a conclusion. *Id.* The credibility of the witnesses is an issue for the jury and not this court. *Id.* A jury is not required to believe all or any part of a witness's statement and is entitled to draw upon common sense and experience in reaching its verdict. *Id.*

Stevens was convicted of second-degree sexual assault in violation of Arkansas Code Annotated section 5-14-125(a)(2)(A) (Supp. 2023). A person commits the offense of sexual assault in the second degree if he engages in sexual contact with another person who is incapable of consent because he or she is physically helpless. Ark. Code Ann. § 5-14-125(a)(2)(A). "Physically helpless" means that a person is unconscious, physically unable to communicate a lack of consent, or rendered unaware a sexual act is occurring. Ark. Code Ann. § 5-14-101(8) (Supp. 2023).

Before reaching the merits, we must determine whether the issue is preserved. To challenge the sufficiency of the evidence, a defendant must make a directed-verdict motion that specifies "the respect in which the evidence is deficient." Ark. R. Crim. P. 33.1(c) (2025). Parties may not change their arguments on appeal and are limited to the scope and nature of the arguments they made below. *Walker v. State*, 2023 Ark. App. 295, 669 S.W.3d 243. Failure to make a directed-verdict motion "with specificity regarding the sufficiency issue on appeal equates to the motion never having been made." *Herrington v. State*, 2025 Ark. App. 316, at 15, 717 S.W.3d 536, 545 (quoting *Maxwell v. State*, 373 Ark. 553, 559, 285 S.W.3d 195, 200 (2008)).

Here, Stevens's sufficiency arguments are not preserved. First, as to the physically helpless element, Stevens argued at trial that MC was asleep but that sleep does not constitute unconsciousness. On appeal, he abandons that argument, conceding that this court has held that a person who is asleep is deemed unconscious and, therefore, physically helpless. He disputes, however, that MC was asleep when the assault occurred. Because this is a change in the grounds asserted below, we hold that Stevens's argument is not preserved for appellate review. *See Walker*, *supra*.

Second, Stevens's argument regarding sexual contact is likewise unpreserved. His directed-verdict motion challenged only the elements of sexual intercourse and deviate sexual activity—not sexual contact, the element required for second-degree sexual assault. The failure to challenge a specific element supporting the conviction precludes appellate review. *See Dean v. State*, 2025 Ark. App. 87, 704 S.W.3d 926 (holding that the Rule 33.1(b) requirement that a directed-verdict motion based on insufficient evidence must specify in what manner the evidence is deficient is to be strictly construed).

Because Stevens failed to preserve his sufficiency arguments, we do not reach the merits of this point.

### B. Exclusion of Impeachment Evidence

To preserve a challenge to the exclusion of evidence, a party must proffer the excluded evidence unless its substance is apparent from the context. Ark. R. Evid. 103(a)(2) (2026); *see Tilmon v. State*, 2022 Ark. App. 291, 646 S.W.3d 286. Although the State correctly points out that Stevens did not make a formal proffer, we hold that the substance of the proposed

testimony—that MC allegedly made a prior false accusation that Stevens supplied her with drugs—was sufficiently developed during the hearing on the State's motion in limine. Where the substance of excluded evidence is apparent from the context, a formal proffer is not required. *See Billett v. State*, 317 Ark. 346, 348, 877 S.W.2d 913, 914 (1994); *Swinford v. State*, 85 Ark. App. 326, 154 S.W.3d 262 (2004). Accordingly, we agree with Stevens that this issue is preserved for our review.

We review a circuit court's evidentiary rulings for abuse of discretion. *James v. State*, 2026 Ark. App. 103, ___ S.W.3d ___. This court will not reverse the circuit court's evidentiary ruling absent a showing of manifest abuse. *Id.* Abuse of discretion is a high threshold that does not simply require error in the circuit court's decision but requires that the circuit court act improvidently, thoughtlessly, or without due consideration. *Id.* Moreover, we will not reverse absent a showing of prejudice. *Id.*

As detailed in the facts section, Stevens argues that the circuit court erred in excluding evidence that MC had previously made a false accusation against him. Under Arkansas Rule of Evidence 608(b) (2025), specific instances of conduct may, in the circuit court's discretion, be inquired into on cross-examination if clearly probative of truthfulness or untruthfulness. Such evidence, however, remains subject to Arkansas Rule of Evidence 403. *See Maiden v. State*, 2014 Ark. 294, 438 S.W.3d 263.

Here, the circuit court excluded the evidence after determining that its probative value was minimal and substantially outweighed by the danger of unfair prejudice. The court noted that the alleged prior accusation was unsupported by independent proof and that its

7

introduction would have revealed MC's juvenile misdemeanor drug-delinquency adjudication, which would otherwise be inadmissible for impeachment purposes. *See* Ark. R. Evid. 609(a), (d).

We cannot say that the circuit court acted improvidently or without due consideration. The balancing of probative value against unfair prejudice lies squarely within the circuit court's discretion, and we will not substitute our judgment on appeal absent a manifest abuse of discretion. *See Maiden*, *supra*.

Even if the circuit court erred, any error was harmless. A conviction will not be reversed when the evidence of guilt is overwhelming and the error is slight. *Wright v. State*, 2019 Ark. App. 364, 584 S.W.3d 711. The State presented sufficient evidence that Stevens had "sexual contact" with MC as required to support the conviction. Ark. Code Ann. § 5-14-125(a)(2)(A). "Sexual contact" is an act of sexual gratification involving the touching, directly or through clothing, of the sex organs of another person or ejaculating on another person for the purpose of sexual gratification. Ark. Code Ann. § 5-14-101(12). A victim's testimony alone, describing the sexual contact, is enough for a conviction. *See Scaggs v. State*, 2020 Ark. App. 142, 596 S.W.3d 562. Here, the evidence of Stevens's guilt was overwhelming. MC testified and described in detail how Stevens sexually assaulted her in her sleep. Despite Stevens's argument that other portions of MC's testimony suggest that she was not asleep when the assault began, any inconsistency in her testimony ultimately was an issue for the jury to resolve and is not a basis for reversal. *See Devries v. State*, 2019 Ark. App. 478, 588 S.W.3d 139. Although he denied sexually assaulting MC, Stevens admitted being

in her bedroom that evening, and MC testified that Stevens fled when she woke up. *See Smith v. State*, 2025 Ark. 26, 708 S.W.3d 336 (holding that jury may consider evidence of flight as consciousness of guilt).

Finally, although not required to support a conviction, the forensic evidence corroborated MC's claims and disproved Stevens's denials. *See Gladden v. State*, 2025 Ark. App. 78, 706 S.W.3d 741 (holding evidence of second-degree sexual assault was overwhelming when victim's testimony was corroborated by physical findings and DNA evidence). Specifically, male DNA and sperm were found in MC's vagina, and Stevens's DNA was found in her underwear. Although Stevens claims the underwear was his girlfriend's that he had taken to MC's house with his laundry, the underwear was not seized from the house where the assault initially occurred but rather was collected from MC at her cousin's house. To believe Stevens's claim, jurors would have had to accept that MC removed dirty underwear from Stevens's laundry and took it with her to her cousin's house. They were not required to do so. The credibility of witnesses is an issue for the jury, not the court; the trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Dority v. State*, 2025 Ark. App. 607.

Stevens's sufficiency arguments are not preserved for appellate review. His evidentiary argument, while preserved, fails because the circuit court did not abuse its discretion, and any error would be harmless. Therefore, we affirm.

Affirmed.

KLAPPENBACH, C.J., and HIXSON, J., agree.

9

*Nicole Gillum, Esquire, PLLC*, by: *Nicole C. Gillum*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Joseph Karl Luebke*, Ass't Att'y Gen., for appellee.